Filed 1/25/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DERRICK LEE SLEDGE,<br><br>    Defendant and Appellant. | G052780<br><br>(Super. Ct. No. 98NF2403)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Kazuharu Makino, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Derrick Lee Sledge appeals from an order denying his petition for resentencing under Penal Code section 1170.18 (all further statutory references are to the Penal Code unless otherwise noted), one of the statutes that was enacted in 2014 as part of the Safe Neighborhoods and Schools Act (Proposition 47).

Subdivision (i) of section 1170.18 (section 1170.18(i)) states: "The provisions of this section shall not apply to persons who have one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

The court found defendant suffered a 1980 felony forcible rape juvenile adjudication and ruled it was a disqualifying prior conviction under section 1170.18(i).

We conclude: (1) substantial evidence supports the court's historical factual finding that defendant suffered the felony forcible rape juvenile adjudication; (2) some felony juvenile adjudications are disqualifying "prior convictions" for purposes of section 1170.18(i); and (3) defendant's felony forcible rape juvenile adjudication is a disqualifying prior conviction under section 1170.18(i). Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 1998, defendant went into a bank and attempted to cash a check for $453.12 drawn on the account of Sara Delgadillo. Ms. Delgadillo had not signed the check or given defendant permission to cash it. The bank teller learned the checking account had been flagged, and the branch manager called the police. Defendant told police he had received the check from a man for whom he had performed some work.

A jury convicted defendant of possession of a fictitious instrument (§ 476), check forgery (§ 470, subd. (a)), and second degree burglary (§§ 459 & 460, subd. (b)). The court found defendant had three prior serious or violent convictions and sentenced him to 25 years to life under the "Three Strikes" law. That judgment was affirmed on direct appeal. (*People v. Sledge* (Feb. 27, 2001, D036483) [nonpub. opn.] (*Sledge I*).)

2

After the Three Strikes Reform Act of 2012 (Proposition 36) passed, defendant petitioned to recall his third strike sentence and for resentencing as a second strike offender. The trial court denied his Proposition 36 petition on the grounds he posed an unreasonable risk of danger to public safety and we affirmed. (*People v. Sledge* (2015) 235 Cal.App.4th 1191, review granted July 8, 2015, S226449 (*Sledge II*).)

After Proposition 47 passed defendant, acting in propria persona, filed a petition to recall his third strike sentence and for resentencing as a misdemeanor offender. Defendant's Proposition 47 petition asserted he was eligible for resentencing under section 1170.18, subdivisions (a) and (b).

Defendant's counsel then filed a supplemental petition to recall his third strike sentence and for resentencing as a misdemeanor offender under section 1170.18. The supplemental Proposition 47 petition specifically asserted defendant had no prior convictions for any of the disqualifying offenses listed in section 1170.18(i).

The People's written opposition stated defendant had suffered a 1980 felony forcible rape (former § 261, subd. (2))[1] juvenile adjudication, and argued it was a disqualifying prior conviction under section 1170.18(i). Defendant's written reply argued the felony forcible rape juvenile adjudication was not a "conviction" at all, and it was not a "prior conviction" for purposes of section 1170.18(i).

The court conducted an eligibility hearing on the Proposition 47 petitions. At the People's request and over defendant's objections, the court took judicial notice of the entire superior court file and admitted several documents from it into evidence, including a 1999 supplemental presentence report (probation report) prepared by the probation department for the original sentencing hearing in this case.

---

[1] On the date of offense, "Subdivision 2 of section 261 define[d] rape as 'an act of sexual intercourse accomplished with a person not the spouse of the perpetrator under any of the following circumstances . . . . [¶] 2. Where it is accomplished against a person's will by means of force or fear of immediate and unlawful bodily injury on the person or another.'" (*People v. Navarro* (1981) 126 Cal.App.3d 785, 790, fn. 3.)

3

According to the probation report:

"Los Angeles County Juvenile Probation Records on the defendant have been purged. Through investigation and contact with the Los Angeles County Juvenile Court Presiding Judge's Office and the Court Clerk's Office in the Eastside Juvenile Court, it was learned that juvenile court records are maintained until the defendant reaches the age of 38.

"The defendant's Juvenile Court record has been obtained. Los Angeles Juvenile Court Records (#J81771) reveal that a Petition was initially filed on the defendant on May 7, 1979 for violation of 484(a) PC [misdemeanor petty theft]. Subsequently, on May 11, 1979, a Placement order was obtained. *On June 11, 1980, a Petition was filed under Section 602 of the Welfare and Institutions Code charging the defendant with violation of Section 261(2) PC, a felony. This matter was heard on July 14, 1980, and the Petition was found to be true and sustained as a felony. This has been verified by court docket.* According to telephone contact with the Clerk's Office, on August 4, 1980, a Placement order was continued and it was recommended that the defendant be placed in the Dorothy Kirby facility. (Italics added.)

"A copy of the Probation Officer's report prepared in the latter case was obtained through the Juvenile Court. The following information is from that report, dated July 28, 1980. Regarding the circumstances of the offence, victim . . . contacted the Long Beach Police Department on June 9, 1980, and accused the defendant, 17 years of age at the time, of forcibly raping her. She told police that she had fallen asleep on the sofa in the living room and was awakened by a hand around her neck. She awoke to see the [defendant], who covered her mouth and then pulled up her dress. He penetrated her vagina and forced intercourse upon her for two to three minutes. Following the rape he went to his bedroom and closed the door. She went to her own room because she was frightened and after he left for school in the morning, she contacted the police.

"[¶] . . . [¶]

4

"When the defendant was interviewed in 1980 by the Probation Department regarding the rape, he adamantly maintained that he did not forcibly rape the victim. He claimed she had been drinking and smoking phencyclidine the night before with a boyfriend. He had fallen asleep on the floor and she woke him up, standing nude before him. She invited him to have sexual intercourse and he complied. He then went back to sleep and she returned to her own room. When he returned from school, the police arrived and arrested him for rape. When questioned regarding the bruises on the victim's arm, he speculated that she had possibly obtained them when her 18-year-old son had previously grabbed her the prior Saturday."

At the conclusion of the Proposition 47 eligibility hearing, the court found defendant had suffered the felony forcible rape juvenile adjudication in 1980; and the court concluded it was a disqualifying prior conviction under section 1170.18(i).

## BURDENS OF PROOF, PROCEDURES AND STANDARDS OF REVIEW

Proposition 47, like Proposition 36, requires the petitioning defendant to establish his or her *initial eligibility* for relief—which, under Proposition 47, is a prior felony conviction that would have been a misdemeanor if Proposition 47 had been in effect at the time of the offense. (§ 1170.18, subd. (a); *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) "Also like Proposition 36, Proposition 47 then allows the prosecution the opportunity to oppose the petition by attempting to establish that the petitioning defendant is *ineligible* for resentencing. [Citation.] This may be accomplished either (1) by rebutting the petitioning defendant's evidence, thereby demonstrating that the petitioning defendant would *not* have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense (§ 1170.18, subd. (a)), or (2) by demonstrating that the petitioning defendant suffered a conviction of one or more of the offenses specified in section 1170.18, subdivision (i)." (*People v. Johnson* (2016) 1 Cal.App.5th 953, 965, fn. omitted (*Johnson*).)

5

The petitioning defendant is not entitled to a jury trial on eligibility. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 451-452.) While nothing in Proposition 47 expressly authorizes an evidentiary hearing to determine eligibility, one may be necessary in some cases. Like the initial screening of a petition for writ of habeas corpus, "[a]n evidentiary hearing is required if . . . there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact." (California Rules of Court, rule 4.551(f).)

An eligibility hearing is a type of sentencing proceeding. Nothing in Proposition 47 suggests the applicable rules of evidence are any different than those which apply to other types of sentencing proceedings. Accordingly, limited use of hearsay such as that found in probation reports is permitted, provided there is a substantial basis for believing the hearsay information is reliable. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754 (*Arbuckle*); *People v. Lamb* (1999) 76 Cal.App.4th 664, 683 (*Lamb*); see also § 1170, subd. (b) [sentencing court can consider probation report].)

Like Proposition 36, the burden of proving a disqualifying prior conviction is on the People by a preponderance of the evidence. (See *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 (*Osuna*).) Unlike Proposition 36, "the trial court is not limited to the record of conviction in its consideration of evidence to adjudicate eligibility for resentencing under Proposition 47." (*Johnson*, *supra*, 1 Cal.App.5th at p. 967, fn. omitted.) "While the petitioning and resentencing procedures under Proposition 36 and Proposition 47 appear similar (compare § 1170.126 with § 1170.18), *what must be shown initially in support of the petition* under each proposition is not. Thus, the potential sources of evidence to support the petition under each proposition are not the same. For this initial burden under Proposition 47, a petitioning defendant is entitled to present evidence of facts *from any source* to establish the guilt of the Proposition 47-sanctioned misdemeanor. [Citations.]" (*Id*. at p. 968.) Likewise, the prosecution is entitled to produce evidence of facts from any source to establish a disqualifying prior conviction.

6

"Where an appeal involves the interpretation of a statute enacted as part of a voter initiative, the issue on appeal is a legal one, which we review de novo.  [Citation.]  Where the trial court applies disputed facts to such a statute, we review the factual findings for substantial evidence and the application of those facts to the statute de novo.  [Citation.]  "'[A]n order is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown.'"  [Citation.]  In addition, we must "'view the record in the light most favorable to the trial court's ruling.'"  [Citation.]"  (*Johnson*, *supra*, 1 Cal.App.5th at p. 960.)

## DISCUSSION

Defendant contends the court erred because:  (1) there is insufficient evidence to support the factual finding he had suffered the felony forcible rape juvenile adjudication; (2) juvenile adjudications are not "prior convictions" for purposes of section 1170.18(i); and (3) in any event his felony forcible rape juvenile adjudication is not a disqualifying prior conviction under section 1170.18(i).  We are not persuaded.

*1. Substantial Evidence Supports the Court's Forcible Rape Adjudication Finding.*

Substantial evidence supports the court's historical factual finding defendant suffered the felony forcible rape juvenile adjudication in 1980.  Reviewing the entire record in the light most favorable to the finding, we conclude "it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could" (*People v. Bolin* (1998) 18 Cal.4th 297, 331) make the historical factual finding under the preponderance of the evidence standard.  The probation report alone is sufficient.

Defendant does not explicitly argue to the contrary, but instead posits "he is entitled to a trial on the issue, at which only reliable and admissible portions of his criminal record are admitted," and he contends the probation report is unreliable and inadmissible hearsay.  We disagree.  As noted, he was not entitled to a jury trial, and the court was not limited to considering only his record of conviction.  Further, as we will explain below, the probation report is reliable and admissible hearsay.

7

The probation report is part of the superior court record, and it is also part of the appellate court record in *Sledge I* and *Sledge II*.  Hence, the court was authorized to take judicial notice of it at the eligibility hearing.  (Evid. Code § 452, subd. (d).)  But of course, taking judicial notice only established the existence and content of the probation report, not the truth of any factual statements contained therein.  If offered for the truth, those factual statements are hearsay and multiple hearsay.  (Evid. Code §§ 1200, 1201.)

Even so, those factual statements are admissible in this context.  (*Arbuckle*, *supra*, 22 Cal.3d at p. 754; *Lamb*, *supra*, 76 Cal.App.4th at p. 683.)  As the court here explained in overruling defendant's hearsay objection to the admission of the probation report at the eligibility hearing:  "I don't think a probation report has to meet the strict requirements of hearsay."  "It's just a matter I think like a sentencing hearing.  If it's reliable hearsay, it's admissible.  And I think those statements are sufficiently reliable hearsay to be admissible."  We agree.

Defendant claims hearsay is inadmissible in this context, citing *People v. Reed* (1996) 13 Cal.4th 217.  *Reed* is inapposite.  *Reed* concluded hearsay statements in a probation officer's report were inadmissible in a trial on prior conviction allegations for sentence enhancement purposes.  (*Id*. at pp. 230-231.)  But the eligibility hearing in this case was not a trial on a prior conviction allegation for sentence enhancement purposes.  Defendant was sentenced long ago under the Three Strikes law and he was petitioning under Proposition 47 for "'an act of lenity.'"  (*Osuna*, *supra*, 225 Cal.App.4th at p. 1040.)

Defendant also claims the hearsay statements in the probation report are unreliable.  We disagree for three reasons.  First, the probation report and the 1980 probation report it referred to were both prepared by probation officers performing their official duties.  Those probation reports relied in part on information obtained from the official court records in defendant's 1980 juvenile case, and those records were prepared by court clerks performing their official duties.  And it is presumed the probation officers and court clerks regularly performed their official duties.  (Evid. Code, § 664.)

8

Second, the probation report has been used without objection throughout this case, in both the trial and appellate court proceedings. The probation report was considered by the judge at the original sentencing hearing. The judge asked if there were, "any . . . corrections or modifications." Defense counsel stated there were none.

The probation report was also considered by the judge at the hearing on defendant's Proposition 36 petition, again without objection.[2] In fact, the judge relied upon the probation report's hearsay statements about the felony rape juvenile adjudication as a basis for denying his Proposition 36 petition on the grounds he posed an unreasonable risk of danger to public safety.

Defendant appealed that ruling in *Sledge II*. His counsel filed a brief which summarized and quoted at length from the probation report's statements about the felony rape juvenile adjudication. Defendant then filed a supplemental brief which incorporated that statement of facts and acknowledged the existence of the felony rape juvenile adjudication, but asserted his "actual innocence," consistent with his probation report statement "he did not forcibly rape the victim."

After we filed our opinion in *Sledge II*, defendant, again acting in propria persona, filed a request for depublication.[3] Defendant once more acknowledged the existence of the felony rape juvenile adjudication, but asserted it was a "'fabricated rape accusation[,]'" the trial on that accusation was unfair, and the true "finding was based on a judges preponderance of he say/she say testimonies [*sic*] only."

In short, while defendant has always insisted the underlying conduct was not forcible rape, he has never denied the fact of the felony juvenile adjudication.

---

[2] In *Sledge II* we took judicial notice of the *Sledge I* record. We now take judicial notice of the *Sledge II* record too. (Evid. Code §§ 452, subd. (d), 459, subd. (a).)

[3] At the People's request and over defendant's objection, the court below admitted into evidence defendant's supplemental brief and his request for depublication in *Sledge II*. Defendant assigns no error to these evidentiary rulings.

9

Third, defendant's insistence the underlying conduct was not forcible rape does not make it so. The undisputed fact remains the petition charging defendant with forcible rape was sustained as a felony, which means the juvenile court necessarily rejected his version of the sexual encounter and instead believed the victim. Plus, as the *Sledge II* trial judge found, defendant has never "acknowledged responsibility for his criminal acts," and "there is a pattern of denial and completely different story as to the significant and very important criminal acts, including the shooting at a residence, *the rape issue*, and then the current offense." (Italics added.)

In sum, we conclude the hearsay statements in the probation report are sufficiently reliable to be admissible; the statements are reasonable, credible, and of solid value such that a reasonable trier of fact could find defendant suffered the felony forcible rape juvenile adjudication; and substantial evidence thus supports that factual finding.

*2. Some Felony Juvenile Adjudications Are Disqualifying Prior Convictions.*

Some felony juvenile adjudications are disqualifying "prior convictions" for Proposition 47 purposes under section 1170.18(i) as a matter of law. We reach this conclusion applying the de novo review standard, after considering the actual language of section 1170.18(i), giving effect to the voters' intent in enacting Proposition 47, and rejecting defendant's arguments for the opposite conclusion.

To determine whether felony juvenile adjudications are disqualifying prior convictions we must interpret section 1170.18(i). "In interpreting a ballot initiative measure, we apply the same principles as we do in construing a statute enacted by the Legislature. [Citation.] We begin by considering the actual language of the initiative, giving its words their usual and ordinary meaning. [Citation.] We construe the words of an initiative as a whole and within the overall statutory scheme to effectuate the voters' intent. [Citation.] If the language is ambiguous, we look to other indicia of the intent of the electorate, including the analyses and arguments in the voter information guide. [Citation.]" (*Johnson*, *supra*, 1 Cal.App.5th at p. 960.)

10

Again the actual language of section 1170.18(i) states: "The provisions of this section shall not apply to persons who have one or more *prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667* or for an offense requiring registration pursuant to subdivision (c) of Section 290." (Italics added.)

In turn, clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of section 667 (section 667(e)(2)(C)(iv)) applies when: "The defendant suffered a prior serious and/or violent felony conviction, *as defined in subdivision (d) of this section*, for any of the following felonies[.]" (Italics added.) The list of felonies includes various sex, violence and homicide offenses which are sometimes referred to as "super strikes." (See *People v. Zamarripa* (2016) 247 Cal.App.4th 1179, 1183 (*Zamarripa*).)

Finally, subdivision (d)(3) of section 667 (section 667(d)(3)) provides: "*A prior juvenile adjudication shall constitute a prior serious and/or violent felony conviction* for purposes of sentence enhancement if: [¶] (A) The juvenile was 16 years of age or older at the time . . . . [¶] (B) *The prior offense is listed in subdivision (b) of Section 707 of the Welfare and Institutions Code or described in paragraph (1) or (2) as a serious and/or violent felony*. [¶] (C) The juvenile was found to be a fit and proper subject to be dealt with under the juvenile court law. [¶] (D) The juvenile was adjudged a ward of the juvenile court . . . because the person committed an offense listed in subdivision (b) of Section 707 of the Welfare and Institutions Code." (Italics added.)

Reading these statutes together, and giving the unambiguous words in them their usual and ordinary meaning, we conclude a felony juvenile adjudication is a disqualifying prior conviction within the meaning of section 1170.18(i): if it is one of the super strike offenses listed in section 667(e)(2)(C)(iv); if it is either an offense listed in Welfare and Institutions Code section 707, subdivision (b) (WIC section 707(b)), or an offense described in section 667(d), subdivision 1 or 2 as a serious or violent felony; and if all of the other conditions set out in section 667(d)(3) are satisfied.

11

Our conclusion that these specific felony juvenile adjudications are disqualifying prior convictions under section 1170.18(i) is consistent with at least one of the voter's expressed intents in enacting Proposition 47. "Among its stated purposes is to '[e]nsure that people convicted of murder, rape and child molestation will not benefit from this act.' [Citation.]" (*Zamarripa*, *supra*, 247 Cal.App.4th at pp. 1182-1183.)

Our conclusion is also consistent with two recent cases which held these same felony juvenile adjudications are disqualifying prior convictions for Proposition 36 resentencing purposes under the analogous provisions of section 1170.126, subdivision (e).[4] (See *People v. Thurston* (2016) 244 Cal.App.4th 644, 662-668 (*Thurston*); and *People v. Arias* (2015) 240 Cal.App.4th 161, 166-169 (*Arias*).)

Defendant argues juvenile adjudications are not disqualifying prior convictions because section 1170.18(i) does not expressly refer to juvenile adjudications, and because juvenile adjudications have historically been treated differently than adult criminal convictions. We do not agree.

"Since the definition of 'conviction of a serious and/or violent felony' contained in section 667(d) is incorporated . . . in section 1170.18(i), and since that definition specifically includes designated juvenile adjudications, . . . a person who has been adjudicated for an offense listed in section 667(d)(3) will be excluded . . . . *While juvenile 'adjudications' and adult 'convictions' are distinguished in many other contexts, for the purposes of the exclusion under section 1170.18(i), they are treated the same*." (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act," (May 2016) § III.A., p. 18 < http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of January 19, 2017], italics added.)

---

[4] Much like section 1170.18(i), section 1170.126, subdivision (e) provides in relevant part: "(e) An inmate is eligible for resentencing [under Proposition 36] if: [¶] . . . [¶] (3) The inmate has no *prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 . . . .*" (Italics added.)

12

In addition, the absence of any express reference to juvenile adjudications in section 1170.18 is easily explained. "Section 1170.18's use of terms associated with adult criminal proceedings logically comports with the fact that the Penal Code and other codes defining crimes define the offenses primarily for use in the adult context, and that these substantive criminal offense provisions are then engrafted onto the juvenile proceedings in wholesale fashion by means of Welfare and Institutions Code section 602." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1225 [section 1170.18 was intended to apply to juvenile offenders as well as adults.)

Defendant next argues juvenile adjudications can only be used as convictions for sentence enhancement purposes, not for resentencing disqualification purposes. This same argument has already been rejected in the analogous Proposition 36 resentencing context (see, e.g., *Thurston*, *supra*, 244 Cal.App.4th at pp. 662-668), and we see no reason to reach a different conclusion in the Proposition 47 resentencing context.

Finally, defendant urges us to apply the rule of lenity, under which courts must resolve doubts as to a statute's meaning in a criminal defendant's favor. (See, e.g., *People v. Avery* (2002) 27 Cal.4th 49, 57.) But the rule of lenity does not apply every time there are two or more reasonable interpretations of a penal statute. Rather, the rule applies "'"only if the court can do no more than guess what the legislative body intended; there must be an *egregious* ambiguity and uncertainty to justify invoking the rule."'" [Citation.]" (*People v. Manzo* (2012) 53 Cal.4th 880, 889.) And "[n]o such ambiguity or uncertainty exists here." (*Arias*, *supra*, 240 Cal.App.4th at p. 169, fn. 7.)

*3. Defendant's Forcible Rape Adjudication is a Disqualifying Prior Conviction.*

Defendant's felony juvenile adjudication for forcible rape is a disqualifying prior conviction under section 1170.18(i) because: (A) it is a super strike offense listed in section 667(e)(2)(C)(iv); (B) it is an offense listed in WIC section 707(b); (C) it is also an offense described in section 667(d), subdivision 1 (section 667(d)(1)) as a serious and violent felony; and (D) all of the other conditions in section 667(d)(3) were satisfied.

13

### A. *Forcible Rape is a Section 667(e)(2)(C)(iv) Super Strike Offense.*

The list of super strike offenses set out in section 667(e)(2)(C)(iv) includes, "A 'sexually violent offense' as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 667, subd. (e)(2)(C)(iv)(I).) Subdivision (b) of Welfare and Institutions Code section 6600 (WIC section 6600(b)) provides in relevant part, "'Sexually violent offense' means the following acts when committed by force, violence, duress, menace, [or] fear of immediate and unlawful bodily injury on the victim . . . : *a felony violation of Section 261*, 262, . . . or 289 of the Penal Code." (Italics added.)

Reading these statutes together, it is apparent defendant's felony juvenile adjudication for rape in violation of former section 261, subdivision (2) (section 261(2)) is a sexually violent offense under WIC section 6600(b),[5] because the evidence shows it was committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the victim. Therefore, it is also one of the super strike offenses listed in section 667(e)(2)(C)(iv).

### B. *Forcible Rape is a WIC Section 707(b) Offense.*

Welfare and Institutions Code section 707 governs fitness hearings when a minor is alleged to be within the jurisdiction of the juvenile court by reason of a violation of any one of the offenses listed in WIC section 707(b). The list of WIC section 707(b) offenses includes, "Rape with force, violence, or threat of great bodily harm." (Welf. & Inst. Code, § 707, subd. (b)(4).) Thus, defendant's felony juvenile adjudication for forcible rape is an offense listed in WIC section 707(b), so long as it was committed with force, violence, or threat of great bodily harm.

---

[5] In *Sledge II* the parties briefed the issue of whether defendant's forcible rape juvenile adjudication is a "sexually violent offense" within the meaning of WIC section 6600(b), which would have rendered him ineligible for Proposition 36 resentencing under section 1170.126, subdivision (e)(3). We expressed no opinion on the issue in *Sledge II*.

14

Defendant acknowledges rape by means of force, violence, or threat of great bodily harm is an offense listed in WIC section 707(b).  But he observes his rape offense could have been committed by means of "force *or* fear of immediate and unlawful bodily injury on the person or another."  (Former § 261, subd. (2), italics added.)  And he argues the People did not prove his rape offense was committed by *force* as required by WIC section 707(b), instead of *fear* as permitted by former section 261(2).  We cannot agree.

Defendant unsuccessfully advanced the same argument below.  His counsel stated:  "So [section] 261(2) lists alternative circumstances, one of which is not included in [WIC section] 707(b).  And because we don't have a record of the conviction . . . , it hasn't been demonstrated to this court that the adjudication for the [section] 261(2) is an offense on the [WIC section] 707(b) list, rendering it a prior conviction for purposes of [section] 667(d)(3).  [¶] . . . [¶] . . . and it's not a [WIC section] 707(b) offense based on the [scant] information in the exhibits that the court is considering."

The court responded:  "Okay.  Well in my view, the issue is whether or not this prior juvenile adjudication meets the requirements of [section] 667(d)(3) . . . . "  The court then found defendant's felony juvenile adjudication for rape in violation of former section 261(2) did meet the requirements of section 667(d)(3).  In doing so, the court made an implied factual finding the offense was committed by force as required by WIC section 707(b) and, as we will explain, substantial evidence supports that implied finding.

The only evidence in the record regarding the circumstances of the rape offense is found in the conflicting statements of the victim and defendant in the probation report.  Again, the victim told police that she was awakened by a hand around her neck.  Defendant covered her mouth and pulled up her dress.  "He penetrated her vagina and forced intercourse upon her for two to three minutes."  When defendant was interviewed by the probation department, he adamantly maintained he did not forcibly rape the victim and claimed, "[s]he invited him to have sexual intercourse and he complied."

15

"The court did not expressly resolve this factual question, but '[a]n order is presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown.' [Citation.] We must 'view the record in the light most favorable to the trial court's ruling and defer to its findings of historical fact, whether express or implied, if they are supported by substantial evidence.' [Citation.]" (*People v. Carpenter* (1999) 21 Cal.4th 1016, 1046.)

Applying these principles and reviewing the record in the light most favorable to the finding we conclude defendant has not affirmatively shown error. The court here, like the juvenile court before it, could and did reasonably credit the victim's statement and reject defendant's statement. Moreover, the victim's statement is evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find defendant committed the rape offense by force as required by WIC section 707(b).

### C. Forcible Rape is also a Section 667(d)(1) Serious and Violent Felony.

Section 667(d)(1) defines prior serious or violent felony convictions as, "Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." Those statutes provide rape by various means including force is a violent felony (§§ 262, subd. (a)(2), 667.5, subd. (c)), and rape by any means is a serious felony (§ 1192.7, subd. (c)(3)). Hence, defendant's juvenile adjudication for forcible rape is an offense described in section 667(d)(1) as both a serious and a violent felony.

### D. All of the Other Conditions in Section 667(d)(3) Were Satisfied.

We have already determined the conditions in section 667, subdivision (d)(3)(B) were satisfied. All of the other conditions in section 667(d)(3) were satisfied too. (See § 667, subd. (d)(3)(A)), (d)(3)(C) & (d)(3)(D).) As noted in the probation report, defendant was 17 at the time of the rape offense, he was found to be a fit and proper subject to be dealt with under the juvenile court law, and he was adjudged a ward of the juvenile court because he committed an offense listed in WIC section 707(b).

16

# DISPOSITION

The order is affirmed.[6]



THOMPSON, J.

WE CONCUR:



MOORE, ACTING P. J.



FYBEL, J.

---

[6] We have affirmed on the only grounds actually considered by the trial court and briefed by the parties in this appeal—defendant's felony juvenile adjudication for forcible rape is a disqualifying prior conviction because it is, "for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 . . . ." (§ 1170.18(i).) However, there appears to be alternative grounds for reaching the same result. Defendant's felony juvenile adjudication for forcible rape may also be a disqualifying prior conviction because it is "for an offense requiring registration pursuant to subdivision (c) of Section 290." (*Ibid*.) It is indisputable that rape by force is an offense requiring such registration. (§§ 261, subd. (2), 290, subd. (c).) Plus it makes no difference that defendant was not and perhaps could not have been ordered to register. The emphasis in section 1170.18(i) is on the conviction for an *offense* requiring registration, not the registration status of the *offender*. (See Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act," *supra*, § III.B., p. 19 <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of January 19, 2017].)