Filed 12/8/20  P. v. Reynoso CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B303277 |
| Plaintiff and Respondent, | (Los Angeles County. Super. Ct. No. YA013691) |
| v. | |
| OMAR REYNOSO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura C. Ellison, Judge.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Senior Assistant Attorney General, Charles S. Lee and Stacey S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Twenty-six years after he pleaded no contest to second degree murder, Omar Reynoso filed a petition for resentencing pursuant to Senate Bill No. 1437 (SB 1437), which "amend[ed] the felony murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The trial court denied his petition, finding Reynoso was not eligible for relief as a matter of law because the record demonstrates he was the actual killer.  We affirm the order denying Reynoso's petition for resentencing.

## FACTS[1]

Fernando Zamora died from a gunshot wound to the chest at approximately 4:00 a.m. on September 12, 1992.  One witness reported the shooting occurred in connection with an attempted robbery.  Another witness indicated gang signs and slogans were exchanged before the shooting.  Others reported a drive-by shooting occurred with no words exchanged.  Police officers were able to determine from the witness statements that a light blue or white compact car was used during the murder..

Four days after the shooting, police stopped Reynoso for speeding.  He was driving a rental car that matched the description of the one used during the murder.  The rental agency reported the car may have been stolen since it was scheduled to be returned in August.  Reynoso was arrested for unlawful taking or driving of a motor vehicle.  Due to the similarity between the

---

[1]     The facts presented below are taken from the probation report at issue in this case.

car Reynoso was driving and the car allegedly used in the shooting, detectives questioned him about Zamora's murder. Reynoso confessed.

Reynoso was charged with murder pursuant to Penal Code[2] section 187, subd. (a) with the additional allegation that he personally used a firearm pursuant to sections 1203.06, subd. (a)(1) and 12022.5, subd. (a). He pleaded no contest to second degree murder. The firearm allegation was stricken. He was sentenced to 15 years to life in state prison on October 28, 1993.

On February 8, 2019, Reynoso filed a petition for resentencing pursuant to section 1170.95. Reynoso asserted he was entitled to relief because he could not be convicted of murder under the statutory changes brought about by SB 1437. The trial court appointed counsel to represent Reynoso pursuant to section 1170.95, subdivision (c).

In their response to Reynoso's petition, the People primarily argued SB 1437 was unconstitutional. In addition, the People argued Reynoso was not entitled to relief because he confessed to police that he shot the victim, relying on a preplea probation report and a 2018 Comprehensive Risk Assessment submitted to the Board of Parole Hearings (parole board report).

The preplea probation report was based on the arrest report and recounted Reynoso's confession as follows: "The defendant explained to officers that he and several other 'Insane Rascals' gang members had been at a liquor store on 130th Street and Prairie Avenue. There had been a confrontation with about 16 other gang members from a different gang. As a result, he went to the home of another gang member where he obtained a .30/.30 caliber rifle. He and three companions returned to the

---

[2]     All subsequent section references are to the Penal Code.

3

area of 130th Street and Prairie Avenue where they were confronted by two or three gang members who ran up on their car and threatened them. Two of these individuals were carrying handguns and the third was carrying a 40-ounce bottle of beer which he threatened to throw at them. One of his companions had exited the vehicle and was shouting at the opposing gang members. The defendant states he then shouted towards him, 'Blast 'em.' The defendant told officers that he raised the weapon to eye level and shot one of these individuals in the back as he was running away from him. [¶] Defendant informed officers that he had taken the rifle used in the shooting and put it in the trunk of his mother's boyfriend's car. The weapon was recovered from the vehicle."

Reynoso similarly stated in the parole board report that he accepted responsibility for shooting and killing the victim. The People attached the preplea probation report and the parole board report in support of their response. The People asserted a preplea probation report may be considered to grant or deny a petition under section 1170.95 but acknowledged "the authorities on this are unclear."

Reynoso devoted the bulk of his reply to argue SB 1437 was not unconstitutional.[3] As to the merits of his petition, he argued he was not the actual killer, did not aid and abet the murder as a participant with reckless indifference to human life, and had no intent to kill. He asserted his confession was the result of psychological coercion because he was sixteen years old at the

---

[3]     The parties' constitutional claims have been resolved in two comprehensive opinions, *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270 and *People v. Lamoureux* (2019) 42 Cal.App.5th 241. The issue is not a subject of this appeal.

time of the interrogation and had no guardian or attorney present.  Reynoso discounted his admissions of guilt in the parole board report, stating he "intentionally provided the parole board with a false confession in order to improve his chances for parole."  He did not object to the admissibility of the probation report or the parole board report in his reply.

The trial court denied the petition, finding Reynoso "is pretty clearly the person who is the actual shooter and not eligible for relief."  The trial court stated "one of the things" it relied on in making its decision was the parole board's report, which "cit[ed] to the defendant's own statements, quote, 'I jumped out with the rifle.  As I get ready to shoot I see movement, and I react.  I point the gun in that direction, and I shoot.  The guy hits the floor.'"  The court also indicated Reynoso admitted the firearm allegation as a part of his plea agreement.  This was incorrect as the firearm allegation was dismissed.

Reynoso timely appealed.

## DISCUSSION

Reynoso now contends the trial court incorrectly denied his petition for resentencing based on its mistaken belief he admitted the firearm allegation as a part of his no contest plea.  Reynoso also faults the trial court for relying on the statements contained in the parole board report.  He argues the parole board report contains unreliable hearsay and is not properly part of the record of conviction that may be considered by the trial court.  The People concede Reynoso did not admit the firearm allegation.  The People argue Reynoso is nevertheless ineligible for resentencing under SB 1437 because the preplea probation report establishes he was the actual killer.

5

We agree the trial court erred when it relied on the mistaken belief that Reynoso admitted the firearm allegation and when it considered the parole board report to deny Reynoso's petition. (*People v. Trujillo* (2006) 40 Cal.4th 165, 179 [a defendant's admission after the court accepts his plea "does not describe the nature of the crime of which he was convicted" and is inadmissible to prove the elements of the offense].) However, we conclude Reynoso forfeited his challenge to both the probation report and the parole board report by failing to object to their admissibility below. In any event, the preplea probation report, which may be considered by the trial court at an eligibility hearing, demonstrates he is ineligible for relief as a matter of law because he was the actual killer.

## I. Governing Law

SB 1437, effective as of January 1, 2019, was enacted to "amend the felony murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Thus, SB 1437 amended section 188 to require that a principal to murder act with malice aforethought, which will "not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) Felony murder liability under section 189 was limited to a defendant who was the "actual killer," an aider or abettor in the commission of murder in the first degree, or "a major participant in the underlying felony [who] acted with reckless indifference to

6

human life." (§§ 188, subd. (a)(3), 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)

Section 1170.95 sets forth a three-step procedure for defendants to seek resentencing if they could not be convicted for murder in light of the changes to sections 188 and 189. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 722–723 (*Martinez*).) In step one, the defendant files a petition with the sentencing court to vacate the defendant's murder conviction and to obtain resentencing on any remaining counts. (§ 1170.95, subd. (a).) The petition must satisfy the following three conditions to make the initial prima facie showing that he or she is eligible for relief: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. (3) The petitioner could not be convicted of first or second degree murder because of changes to Section[s] 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

If the defendant has made the initial prima facie showing in step one, the trial court appoints counsel to represent him or her. (§ 1170.95, subd. (c).) In step two, the defendant must make a second prima facie showing that he or she is "entitled" to rather than "eligible" for relief. At this stage of the proceedings, the trial court may review the petition, its own file, and the record of conviction. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137–

1138 (*Lewis*).)[4]  If the defendant demonstrates he or she is entitled to relief in step two, the court must issue an order to show cause why relief should not be granted.  (§ 1170.95, subd. (c).)  If the court issues an order to show cause, a hearing will be held to determine whether to vacate the murder conviction. (*Lewis, supra*, 43 Cal.App.5th at p. 1136.)  In this third step of the proceedings, the parties "may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."  (§ 1170.95, subd. (d)(3).)

## II.     Reynoso Forfeited the Argument That the Parole Board Report and the Probation Report Could Not Be Considered

On appeal, Reynoso complains the probation report and parole board report contain statements that are unreliable hearsay.  However, he failed to object to either report on this, or any, basis below.  "[A] challenge to the admission of evidence is not preserved for appeal unless a specific and timely objection was made below."  (*People v. Anderson* (2001) 25 Cal.4th 543, 586; Evid. Code § 353, subd. (a).)  "[T]he objection must be made in such a way as to alert the trial court to the nature of the anticipated evidence and the basis on which exclusion is sought, and to afford the People an opportunity to establish its admissibility."  (*People v. Williams* (1988) 44 Cal.3d 883, 906.)

---

[4]     The Supreme Court of California granted review in *Lewis* on the following issues:  "(1)  May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95?  (2)  When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)?" (*People v. Lewis*, review granted Mar. 18, 2020, No. S260598 [2020 Cal. LEXIS 1946, at *1].)

8

In support of its arguments against resentencing before the trial court, the People relied on and attached the probation report and parole board report as exhibits 1 and 2 of its response. Although Reynoso requested the trial court strike exhibit 4, also attached to the People's response, and the People noted it was "unclear" whether a preplea probation report may be considered to grant or deny a resentencing petition under section 1170.95, Reynoso did not object to either the probation report or parole board report in his reply. At the hearing, Reynoso's counsel submitted on the papers and did not make any objections to the reports before, during, or after the trial court issued its ruling.

On appeal, Reynoso complains the probation report is unreliable because it contains hearsay, his statement was not in quotation marks, and the arrest report was not part of the record. If Reynoso had raised those issues below, the People would have had the opportunity to establish the probation report was admissible under a hearsay exception or was otherwise reliable by, for example, placing the arrest report in the record. A timely objection also would have permitted the trial court to correct any errors in the first instance and create a better record for appeal. Given these circumstances, both reports were part of the record considered by the trial court and Reynoso has forfeited the issue of their admissibility.

Reynoso attempts to avoid forfeiture by arguing the trial court never mentioned the probation report as a basis for its decision but instead relied on the parole board report and its mistaken belief that Reynoso admitted the firearm enhancement. He thus claims he had no opportunity to object to the admission of the probation report and any objection would have been futile.

9

As an initial matter, we note Reynoso implicitly acknowledges any objection to the parole board report is forfeited. Further, we disagree an objection to the admissibility of the probation report is tied to whether the trial court relied on it or not. Instead, its admissibility was brought into question when the People used it to oppose resentencing. Reynoso was required to raise the objection at that time. (See *People v. Booker* (2011) 51 Cal.4th 141, 170 ["the failure to raise a timely objection forfeits the claim for appeal . . ."]; see also *Crouch v. Trinity Christian Center of Santa Ana, Inc.* (2019) 39 Cal.App.5th 995, 1019 [defendant forfeited challenge to plaintiff's evidence by failing to make contemporaneous objections or motions to strike, but instead waiting and bringing motion for mistrial]; 3 Witkin, Cal. Evid. (5th ed. 2020) Presentation, § 383 ["Where inadmissible evidence is offered, the party who desires to raise the point of erroneous admission on appeal must object at the trial, specifically stating the grounds of the objection, and directing the objection to the particular evidence that the party seeks to exclude."].)

We are also not persuaded an objection would have been futile. There is no indication how the trial court would have ruled if an objection on hearsay grounds had been brought to its attention.

Finally, Reynoso urges us to ignore the forfeiture. (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) We decline to do so. Reynoso has presented no reason for us to relieve him of this obligation, particularly when the People noted the "unclear" authorities on the issue in their response.

10

## III. The Record Reveals Reynoso is Ineligible For Relief as a Matter of Law

Even assuming Reynoso has not forfeited the issue, we conclude his confession in the probation report was properly a part of the record to be considered by the trial court in deciding whether he has made a prima facie showing that he is entitled to relief under SB 1437.[5]  Our review involves a pure question of law and is therefore de novo.  (*People v. Bradford* (2014) 227 Cal.App.4th 1322.)

We are persuaded by the reasoning in cases addressing similar resentencing proceedings.  (*Lewis, supra*, 43 Cal.App.5th at p. 1137.)  These cases generally hold that limited use of hearsay is permitted to determine eligibility for resentencing so long as there is a substantial basis for believing the hearsay information is reliable.  (*People v. Sledge* (2017) 7 Cal.App.5th 1089, 1095 (*Sledge*); *People v. Hall* (2019) 39 Cal.App.5th 831 (*Hall*); see *People v. Williams*  (Nov. 20, 2020,  No. A157917) [2020 WL 6816543].)

In *Sledge, supra,* 7 Cal.App.5th at pages 1092–1093, the trial court denied defendant's petition for resentencing pursuant to Proposition 47, which amended the Three Strikes law so that eligible third strike offenders may be resentenced as misdemeanor offenders.  At the eligibility hearing, the trial court took judicial notice of the entire superior court record and admitted into evidence several documents, including a probation

---

[5]     The California Supreme Court is currently considering whether "superior courts [may] consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under . . . section 1170.95, subdivision (c)."  (*People v. Lewis*, review granted, S260598 at p. *1.)

11

report which contained information regarding a prior juvenile conviction suffered by the defendant. (*Id.* at p. 1093.) The defense objected on the grounds that the probation report contained inadmissible hearsay. (*Id.* at p. 1095.)

On appeal, the court concluded the probation report was admissible. (*Sledge, supra,* 7 Cal.App.5th at p. 1096.) It reasoned, "[a]n eligibility hearing is a type of sentencing proceeding. Nothing in Proposition 47 suggests the applicable rules of evidence are any different than those which apply to other types of sentencing proceedings. Accordingly, limited use of hearsay such as that found in probation reports is permitted, provided there is a substantial basis for believing the hearsay information is reliable. [Citations.]" (*Id.* at p. 1095.) The court found the report to be reliable because: (1) it had been prepared by probation officers performing their official duties, relying in part on information obtained from official court records prepared by clerks also performing their regular duties (Evid. Code, § 664);[6] (2) it was used by both parties without objection throughout the case; and (3) it contained conclusions supported by other facts before the court. (*Sledge, supra,* at p. 1097.)

In *Hall, supra,* 39 Cal.App.5th 831, the defendant filed an application for relief pursuant to Proposition 64, which reduced or eliminated penalties for marijuana offenses. The defendant argued the trial court erroneously considered " 'unsworn hearsay in a police and probation report' " to deny his application. (*Id.* at

---

[6] Evidence Code section 664 provides: "It is presumed that official duty has been regularly performed. This presumption does not apply on an issue as to the lawfulness of an arrest if it is found or otherwise established that the arrest was made without a warrant."

12

p. 836.) The Court of Appeal presumed the probation report, which was based on a criminologist report, to be reliable pursuant to the official duty presumption. (Evid. Code, § 664.) The court reasoned, "The trial courts' ability to consider reliable hearsay in probation reports is necessary to assure the fair and efficient implementation of Proposition 64. In many cases the probation report will be the only document in the court file setting forth the facts underlying the marijuana offense to which the Proposition 64 petitioner pleaded guilty. If reliable hearsay information in the probation report were inadmissible, the People would have to subpoena the law enforcement personnel who had provided the information to the probation officer. Because of the passage of time, the personnel may not be available or even identifiable, such as the unnamed criminalist who in 1996 analyzed and weighed the marijuana in the present case." (*Hall, supra,* at p. 840.)

We are persuaded by *Sledge* and *Hall* that the trial court may rely on hearsay statements in a probation report in a section 1170.95 eligibility hearing because there is a substantial basis for believing the hearsay information is reliable. Here, there are three layers of hearsay in the probation report at issue: the probation report itself, the police report referenced in the probation report, and Reynoso's statements to the police. All of the hearsay statements fall within an exception. As explained in *Sledge* and *Hall,* we may presume the probation report and the underlying arrest report are reliable pursuant to the official duty presumption. (Evid. Code, § 664; see also *Coe v. City of San Diego* (2016) 3 Cal.App.5th 772, 786–788 [police reports are admissible under the official records exception].)

13

Reynoso's confession itself is admissible as a party admission. (Evid. Code, § 1220; 1 Witkin, Cal. Evidence (5th ed. 2020) Hearsay § 52 [confessions and admissions of defendant are within long-established exceptions to the hearsay rule; cases cited within].) Reynoso contends his confession was coerced and thus unreliable because he was 16 years old at the time of the interrogation and neither his parents nor counsel were present. Neither of these circumstances automatically amounts to coercion. (See *People v. Lessie* (2010) 47 Cal.4th 1152, 1169–1170 [16-year-old defendant's confession to murder admissible despite violation of statute requiring officers to allow minors to make phone calls within one hour of confinement and officers' continued questioning]; section 625.6, subd. (a) [requiring legal counsel be provided for a custodial interrogation of any youths aged 15 or younger]. At this stage of the proceedings, Reynoso had the burden to show a prima facie case of entitlement to relief. He has failed to do so.

Additionally, just as in *Sledge,* the probation report was used without objection and it contained conclusions supported by other facts before the court. In particular, Reynoso's own plea and statements to the parole board corroborated his confession in the probation report. Although the trial court did not expressly rely on the probation report when denying Reynoso's petition, the statements contained in it are sufficient to affirm the trial court's conclusion that he is ineligible for relief as a matter of law because he was the actual killer. " ' "[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its

14

conclusion." [Citation.]' (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19.)" (*People v. Zapien* (1993) 4 Cal.4th 929, 976; *People v. Smithey* (1999) 20 Cal.4th 936, 971–972.)

*People v. Burnes* (2015) 242 Cal.App.4th 1452, 1460 (*Burnes*), relied upon by Reynoso, does not require we reach a contrary conclusion. Indeed, it is consistent with *Sledge* and *Hall*. In *Burnes*, the court similarly held "the trial court may consider only relevant, reliable, admissible portions of the record of conviction when determining whether a defendant is eligible for Proposition 36 resentencing." (*Burnes, supra,* at p. 1460.) In contrast to *Sledge* and *Hall*, however, the court found a postconviction probation report to be unreliable because "the People never attempted to show that the probation report was admissible under an exception to the hearsay rule" despite the defendant's motion to strike the probation report on that ground. (*Burnes, supra,* at p. 1459.) The court also found it impossible to conclude the probation report reliably described the circumstances of the defendant's offenses. (*Ibid.*)

*Burnes* is distinguishable because Reynoso did not move to strike or object to the probation report. Thus, the People were not given the opportunity to show the probation report was admissible under an exception to the hearsay rule or otherwise reliable. Further, the probation report was the only source relied upon by the trial court in *Burnes* to relay the circumstances of the defendant's offenses. Here, the probation report relates a confession of guilt, which is corroborated by Reynoso's plea and statements in the parole board report. In the absence of a persuasive argument that the probation report is unreliable and inadmissible, we conclude the trial court could have properly relied on the probation report.

15

We likewise reject Reynoso's reliance on *People v. Gallardo* (2017) 4 Cal.5th 120 (*Gallardo*) and *People v. Reed* (1996) 13 Cal.4th 217 (*Reed*) to argue probation reports are categorically excluded from the record of conviction and may never be considered to determine eligibility under section 1170.95. Neither of those cases addressed eligibility hearings under a postconviction resentencing scheme. In both those cases, the strict application of the hearsay rule was required because the defendant was being tried on an allegation of a prior serious felony sentence enhancement. (*Gallardo, supra,* 4 Cal.5th at p. 125; *Reed, supra,* 13 Cal.4th at p. 221.) Here, Reynoso is not facing a criminal prosecution. As discussed above, the strict requirements of hearsay do not apply to this category of sentencing proceedings. (*Hall*, *supra*, 39 Cal.App.5th at p. 838.)

Cases have instead held a trial court may consider the record of conviction and "its own file" in evaluating a prima facie showing of eligibility pursuant to section 1170.95. (*Lewis, supra,* 43 Cal.App.5th at p. 1138; *People v. Drayton* (2020) 47 Cal.App.5th 965.) A probation report is part of the court's own file and may be considered in an eligibility hearing if there is a substantial basis for believing the hearsay information is reliable. (*Sledge, supra,* 7 Cal.App.5th at p. 1095.)

Here, the probation report demonstrates Reynoso was ineligible for relief as a matter of law because he was the actual killer. Reynoso's admission that he shot the victim in the back demonstrates that he could be convicted for murder notwithstanding the changes under SB 1437.

## DISPOSITION

The order is affirmed.

BIGELOW, P. J.

We concur:

GRIMES, J.

WILEY, J.