Filed 6/16/21  P. v. Naylor CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JERRY DEVIN NAYLOR, <br><br> Defendant and Appellant. | B307457 <br><br> (Los Angeles County Super. Ct. No. A196526) |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge.  Reversed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Charles S. Lee, Deputy Attorneys General for Plaintiff and Respondent.

In 1981, Appellant Jerry Devin Naylor was charged with murder, kidnapping, and robbery, to which he entered pleas of guilty. He also admitted that a principal was armed with a firearm during the crimes within the meaning of Penal Code[1] section 12022, subdivision (a). For the murder he was sentenced to 25 years to life in prison; sentences on the other counts were stayed. He was sentenced to an additional one year on the armed enhancement. His convictions were affirmed on direct appeal. (*People v. Naylor* (Mar. 21, 1983, 2 Crim. 41676 [nonpub. opn.].).)

Thirty-eight years later, in 2019, appellant filed a petition for resentencing under section 1170.95. The trial court denied the petition, finding him ineligible for relief because he was a "direct aider and abettor under the facts available to me in the preliminary hearing transcript and the appellate record." Appellant asks us to reverse the trial court's order because the court's factual finding was premature under the relevant statutory procedures set out in section 1170.95. The People concur. We agree as well and reverse.

A.    *Factual Background*

Both parties rely on the record of conviction to recite the underlying facts of the case. On February 17, 1980, appellant and Rodney Quine were in Los Angeles. They needed money to return to their homes in Arizona, so they decided to commit a robbery. They got into the victim's car, pulled out a gun, and ordered the victim to start driving. After driving around for two hours, Quine parked the car in a deserted commercial area, tied

---

[1]    All further undesignated code references are to the Penal Code.

2

up the victim, and shot him to death.  Both men then drove the victim's car to Arizona.  Appellant later said he knew he was involved in a kidnapping and robbery, but he did not know Quine had killed the victim until Quine told him on their drive back to Arizona.

B.    *The Petition and the Trial Court's Ruling*

On January 9, 2019, appellant filed a resentencing petition. He alleged he was eligible for relief under Senate Bill No. 1437, which narrowed the felony murder rule as a theory of liability for defendants not alleged to be the actual killer in the charged murder.  Under Senate Bill No. 1437, a defendant who was not alleged to be the actual killer could only be found guilty of felony murder if he directly aided and abetted the killing or was a major participant in the underlying felony who acted with reckless indifference to human life.  Senate Bill No. 1437 also provided that defendants previously convicted under a now invalid theory of liability could move for resentencing under new section 1170.95.  Appellant alleged he was convicted of felony murder by his plea of guilty in 1981; he was not the actual killer, and he neither admitted nor was found to be an aider and abettor or a major participant in the underlying felony who acted with reckless indifference to human life.

The People opposed the petition, arguing that appellant was in fact a major participant in the underlying felony who acted with reckless indifference to human life.  The trial court appointed counsel for appellant, ordered briefing, and heard argument.  Without issuing an order to show cause or setting an evidentiary hearing, the trial court found appellant ineligible for relief because he failed to show that he could not be convicted as

3

a direct aider and abettor based on the evidence in the preliminary hearing transcript and the appellate record.

C.    *Standard of Review*

Where an appeal involves the interpretation of a statute, the issue is a legal one, which we review de novo.  (*People v. Sledge* (2017) 7 Cal.App.5th 1089, 1095-1096; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981 (*Drayton*).)

D.    *Applicable Law*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) to limit the circumstances where a person, not proven to be the actual killer, could be convicted of murder.  For the theory of felony murder, the bill amended section 189 to limit liability to persons for whom one of the following is proven:  (1) the person was the actual killer; (2) the person was not the actual killer, but with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.  (*People v. Flores* (2020) 44 Cal.App.5th 985, 991–992.)

Senate Bill No. 1437 also created a procedure, set out in section 1170.95, by which defendants previously convicted of murder under a felony murder theory can petition for resentencing.  Section 1170.95 is the exclusive mechanism for retroactive relief under the bill. (*People v. Gentile* (2020) 10 Cal.5th 830, 839.)

Section 1170.95 is divided into several subdivisions. Subdivision (a) sets out the initial three conditions a defendant

4

must satisfy to be eligible for relief:  the person (1) must have been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) must have been convicted of first or second degree murder, and (3) can no longer be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019.  (§ 1170.95, subd. (a).)

Subdivision (b) describes where and how the petition must be filed and what it must include.  (§ 1170.95, subd. (b).)

Subdivision (c), the section under discussion here, then describes how the court must respond to a properly filed petition.  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . .  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170,95, subd. (c).)

Subdivision (d) governs what happens next.  Once the court issues an order to show cause, the court sets an evidentiary hearing "to determine whether the petitioner is entitled to relief [and] the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.  If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges.  The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."  (§ 1170.95, subd. (d)(3).)  In resolving petitioner's entitlement to relief, the trial court acts as an

5

independent factfinder and determines whether defendant is guilty of murder under the newly amended statutes based upon proof beyond a reasonable doubt. (*People v. Rodriguez* (2020) 58 Cal.App.5th 227, 243–244, review granted Mar. 10, 2021, S266652; Couzens, Accomplice Liability for Murder (SB 1437) (Apr. 2019), at p. 36.)

As our district has recently held, subdivision (c) prescribes two court reviews before an order to show cause may issue, one made before any briefing to determine whether the petitioner has made a prima facie showing he or she falls within section 1170.95—that is, that the petitioner may be eligible for relief— and a second review after briefing by both sides to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 328, review granted Mar. 18, 2020, S260493.) At this second prima facie review, the trial court considers whether the petitioner has made a prima facie showing of entitlement to, rather than eligibility for, relief. (*Id*. at p. 330.)

When assessing whether petitioner has made a prima facie showing of entitlement to relief, the trial court assumes the truth of all facts stated in the petition. (*People v. Verdugo*, *supra*, 44 Cal.App.5th at p. 328, review granted.) The court does not evaluate the credibility of the petitioner's assertions, but it need not credit factual assertions untrue as a matter of law—for example, a petitioner's assertion that particular conviction is eligible for relief where the crime is not listed in subdivision (a) for resentencing. If the record contains facts refuting the allegations made in the petition, the court is justified in making a credibility determination adverse to the petitioner. "However, this authority to make determinations without conducting an

6

evidentiary hearing pursuant to section 1170.95, subdivision (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime.") (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.)

Here the trial court, without issuing an order to show cause or holding an evidentiary hearing, weighed the evidence and determined that appellant had, in fact, directly aided and abetted the murder, a fact not readily ascertainable as a matter of law from this record of conviction. This was error. It is undisputed appellant satisfied subdivisions (a) and (b) as no facts in the trial court record refute appellant's assertion that he was convicted of first degree murder and that it could have been on a theory of felony murder.

However, there are neither prior factual findings, stipulations, nor sworn admissions that appellant acted as a direct aider or abettor. To find appellant was, in fact, a direct aider and abettor to the murder, the trial court had to interpret facts in the preliminary hearing transcript. At this stage of the process, the trial court should not have engaged in factfinding without first issuing an order to show cause and allowing the parties to present evidence at a hearing as described in section 1170.95, subdivision (d). At the conclusion of the evidentiary hearing, the court may then issue its findings and conclusions as to whether the People have met their burden of proof.

## DISPOSITION

The order denying appellant's petition for resentencing is reversed.  The trial court shall issue an order to show cause and conduct an evidentiary hearing pursuant to 1170.95, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:



 GRIMES, Acting P. J.



OHTA, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.