Filed 1/20/21  P. v. Hammond CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOSEPH MICHAEL HAMMOND, Defendant and Appellant. | F078942 (Super. Ct. No. F10904510) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Kent W. Hamlin, Judge.

Michelle T. Livecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Daniel B. Bernstein and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and DeSantos, J.

In 2011, defendant Joseph Michael Hammond pled guilty to felony vehicle theft. In 2018, he filed an application pursuant to Proposition 47 for reclassification of his conviction to a misdemeanor. The trial court denied defendant's application. On appeal, he contends (1) the trial court erred in concluding there was sufficient evidence that the vehicle was worth more than $950, (2) the trial court misapplied the fair market value test, (3) the People should bear the burden of proving the value of the stolen vehicle where a defendant seeks Proposition 47 resentencing, (4) even if the burden was properly on defendant to prove that the value of the vehicle did not exceed $950, he met the burden, and (5) the trial court erred in denying defendant an evidentiary hearing. We affirm.

## PROCEDURAL SUMMARY

On September 2, 2010,[1] the Fresno County District Attorney charged defendant with unlawful taking or driving of a motor vehicle (Veh. Code, § 10851, subd. (a); count 1), receipt of a stolen vehicle (Pen. Code, § 496d, subd. (a);[2] count 2), and misdemeanor possession of drug paraphernalia (Health & Saf., § 11364; count 3). The complaint further alleged defendant had served a prior prison term (§ 667.5, subd. (b)).

On November 15, defendant pled guilty on count 1 in exchange for an indicated sentence of a maximum of one year four months in prison and dismissal of the remaining counts and prior prison term enhancement.

On July 18, 2011, defendant was sentenced to one year four months in prison on count 1.

On November 7, 2018, defendant filed an application for recall of sentence pursuant to Proposition 47. (§ 1170.18.)

---

[1] All further dates refer to the year 2010 unless otherwise stated.

[2] All further statutory references are to the Penal Code unless otherwise stated.

On January 14, 2019, the trial court denied defendant's application, finding that the value of the vehicle he unlawfully took exceeded $950 in value and his offense therefore remained a felony.

On March 6, 2019, defendant filed a notice of appeal.

## FACTUAL SUMMARY

### A. Underlying Offense[3]

On August 13, at approximately 4:23 a.m., Fresno County Sheriff's deputies initiated a traffic stop on a white 1988 Toyota pickup truck. When the deputies ran a search on the rear license plate, they learned that the plates were reported lost or stolen from a 1996 Toyota Tacoma. Defendant admitted that he knew the vehicle was stolen.

Defendant made a statement to the probation officer at the Fresno County jail on June 30, 2011: " 'I was doing bad and doing what I needed to do to survive. Someone offered me a truck, so I took it.' " He further told the probation officer that "he was taking clothes to the hospital for a friend when he was pulled over."

### *Section 1170.18 Application Hearing*

On January 14, 2019, the trial court held a hearing on defendant's application for reclassification of his unlawful taking or driving of a vehicle conviction. The prosecutor told the court that the vehicle was a "1988 Toyota pickup worth approximately $1,000." Defense counsel indicated that the value range was from $300 to $4,000. He further noted that "[i]n looking at Kell[e]y Blue Book[,] a trade-in value of a model a couple years newer would be $850. Private party sale would be $1,772." Defendant commented that "[a]t the time the truck was—had keys in it. It was primered. It had dents. And it was a pretty bashed up truck."

---

[3] Defendant admitted the factual basis for his plea pursuant to *People v. West* (1970) 3 Cal.3d 595. The factual summary for the underlying offense is therefore drawn from the report of the probation officer.

The trial court noted that when a "private party, … lose[s] their vehicle, [they do not] get the trade-in price when they replace it. They pay the fair market value. So it sounds like [defendant] is not eligible for relief." The court explained that the "fair market value suggests that th[e] individual who owned that vehicle could not replace it for less than $950. So notwithstanding [defendant's] description of the vehicle—it's a Toyota. We all know they run forever. And fair market value is $1[,]700, roughly. An average of [$1,700]." For that reason, the trial court found that the fair market value exceeded $950 on the date of the offense.

## DISCUSSION

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act .…" (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id*. at p. 1091.) Proposition 47 also added section 1170.18, that provided a mechanism for convicted felons to petition for reduction of those felony convictions that would now be punished as misdemeanors pursuant to Proposition 47. (§ 1170.18, subds. (a) & (f); *Harris v. Superior Court* (2016) 1 Cal.5th 984, 989.)

### A. Eligibility for Section 1170.18 Relief

First, defendant contends that the evidence was insufficient to establish that the value of the vehicle met or exceeded $950.[4] He argues that "[s]ince the court had no substantial evidence of the vehicle's value, the court erred in its determination that it was worth more than $950." We disagree.

---

[4]    In defendant's fourth argument, he contends that he proved by a preponderance of the evidence that the value of the vehicle was less than $950. We disagree. Our discussion in this section resolves defendant's first and fourth arguments.

Defendant's argument rests on a misunderstanding of the burden of proof. He relies upon the authority regarding the sufficiency of evidence to sustain a conviction when reviewed on direct appeal. However, defendant now appeals denial of his application pursuant to section 1170.18, not his 2010 conviction. "A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility." (*People v. Page* (2017) 3 Cal.5th 1175, 1188 (*Page*); *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1094 (*Sledge*); see *People v. Romanowski* (2017) 2 Cal.5th 903, 916 (*Romanowski*) ["The ultimate burden of proving section 1170.18 eligibility lies with the petitioner."].) A section 1170.18 petitioner must show eligibility by a preponderance of the evidence. (*People v. Zorich* (2020) 55 Cal.App.5th 881, 886; *People v. Bush* (2016) 245 Cal.App.4th 992, 1001.) " 'In any new petition, [a] defendant should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief.' " (*Zorich*, at p. 887.) After the defendant establishes that his conviction would have been a misdemeanor if Proposition 47 had been in effect at the time, the People are given the opportunity to attempt to " 'establish that the petitioning defendant is *ineligible* for resentencing.' " (*Sledge*, at p. 1094.) One way to do so is for the prosecutor to rebut "the petitioning defendant's evidence, thereby demonstrating that the petitioning defendant would *not* have been guilty of a misdemeanor had Proposition 47 been in effect at the time of the offense …." (*Ibid.*; § 1170.18, subd. (a).)

We review a trial court's factual findings on a denial of an application pursuant to section 1170.18 for substantial evidence. (*People v. Zorich*, *supra*, 55 Cal.App.5th at p. 886.)

Here, defendant submitted no evidence with his written application. At the hearing, defendant told the court that the vehicle was painted only with primer, was dented, and was "bashed up." His counsel told the court that the value range for the

5.

vehicle was from $300 to $4,000 and the Kelley Blue Book listed a model "a couple years newer" as having a "trade-in value" of $850 and a "[p]rivate party sale" value of $1,772.  The trial court determined that defendant did not establish by a preponderance of the evidence that the vehicle was worth $950 or less on the date of the offense.  Because defendant only established a value range and that the vehicle was damaged, defendant failed to carry his burden.

Moreover, as the People correctly note, defendant failed to prove another eligibility requirement.  In *Page*, *supra*, 3 Cal.5th at pages 1182–1189, the Supreme Court addressed the showing of eligibility a defendant convicted of unlawful taking or driving a vehicle (§ 10851) must make.  It held that relief is only available under Proposition 47 "if the vehicle was worth $950 or less *and* the sentence was imposed for *theft*[—rather than unlawful driving—]of the vehicle." (*Page*, at p. 1187, italics added.)  That is so because a conviction for " 'posttheft driving [of a stolen vehicle] is not a theft conviction ….' " (*Id*. at p. 1183.)  "Where the … factual basis documentation for a negotiated plea … shows posttheft driving—that is, driving the vehicle following a 'substantial break' after the vehicle had initially been stolen—the defendant cannot establish eligibility under section 1170.18 by declaring or testifying that he or she also stole the vehicle:  such testimony would not prove the conviction was *based on* theft rather than on posttheft driving, and therefore would fail to establish that the defendant would only have been guilty of a misdemeanor …  had Proposition 47 been in effect at the time of the offense." (*Page*, at p. 1189.)

Here, defendant was apprehended driving the stolen vehicle, on which stolen license plates had been installed.  Defendant did not attempt to establish that his conviction was based on the theft of the vehicle rather than the posttheft driving of the stolen vehicle.  Indeed, based on defendant's statement to the probation officer after his guilty plea, he accepted and drove the truck but did not steal the truck himself.  For that reason, defendant failed to prove by a preponderance of the evidence (or make a prima

6.

facie showing) that he was eligible for relief pursuant to section 1170.18.  (*Page*, *supra*, 3 Cal.5th at p. 1189; *People v. Perkins* (2016) 244 Cal.App.4th 129, 139 (*Perkins*).)

### B.  Fair Market Value

Second, defendant contends that the trial court "misapplied the fair market value test when it determined the value of the vehicle based on what it would cost the owner of the vehicle to replace the vehicle, rather than the amount the owner could have obtained in a sale to a private party."  We disagree.

When a defendant seeks relief pursuant to section 1170.18 from a theft conviction, a trial court must apply the reasonable fair market value test to determine whether stolen property exceeded $950 in value.  (*Romanowski*, *supra*, 2 Cal.5th at p. 914; §§ 484, 490.2.)  " 'Fair market value' means the highest price obtainable in the market place rather than the lowest price or the average price."  (*People v. Pena* (1977) 68 Cal.App.3d 100, 104 (*Pena*); see § 484, subd. (a); CALCRIM No. 1801 ["Fair market value is the highest price the property would reasonably have been sold for in the open market at the time of, and in the general location of, the theft."].)  The value is measured at the time and place of the theft.  (*Pena*, at pp. 102–104; see CALCRIM No. 1801.)  Replacement value should only be used as a measure of fair market value if "the property has a unique or restricted use and an extremely limited market …."  (*People v. Renfro* (1967) 250 Cal.App.2d 921, 924.)

Here, the trial court was provided a value range for the vehicle of $300 to $4,000, and a private party sale value of $1,772 and trade-in value of $850 of the same model vehicle "a couple years newer" than the vehicle.  Based on that information the trial court concluded that it could not find the fair market value was less than $950 on the date of the offense.  In coming to that conclusion, the trial court explained that the trade-in value of $850 was not an accurate measure of the victim's loss because, when a "private party … lose[s] their vehicle, [they do not] get the trade-in price when they replace it."  While the victim's cost to replace the stolen vehicle was not relevant to determining the fair

7.

market value (*People v. Renfro*, *supra*, 250 Cal.App.2d at p.924), the trial court correctly determined that the trade-in value of the vehicle was not an accurate measure of the fair market value of the vehicle.  The trade-in value was not the highest price obtainable in the market.  (*Pena*, *supra*, 68 Cal.App.3d at p. 104.)  The trial court did not err in rejecting the trade-in value as the appropriate measure of the fair market value of the vehicle.

Further, despite the trial court having noted that the private party sale price was a measure of replacement value, the trial court was also clear that it found that the private party sale price was the fair market value of the vehicle because it would be the sale and purchase price of the vehicle.  While the private party sale price appears to be the average sale price of a newer vehicle on an unknown date, which is not the appropriate measure of the fair market value (*Pena*, *supra*, 68 Cal.App.3d at p. 104 [fair market value is the highest obtainable price in the market on the date of the offense rather than the average price]), any error was harmless because the record does not support finding that the fair market value was less than $950 and therefore there was no reasonable probability of a more favorable result (*People v. Johnson* (2016) 1 Cal.App.5th 953, 968).[5]  The trial court so concluded—"fair market value is $1[,]700, roughly … [so] I can't find $950 or less."  In the light most favorable to defendant, he established that the fair market value of the vehicle was between $300 and $4,000.  That showing was inadequate.  The trial court's reliance on the average sale value was harmless because defendant failed to carry his burden to establish that the fair market value was less than $950.[6]

---

[5]     Any error was also harmless because, as discussed in the previous section, defendant did not establish that his conviction was based on the theft—rather than posttheft driving—of the vehicle.  That failure was fatal to his application.

[6]     We note that defendant's argument that the trial court applied the incorrect standard rests upon the misconception that, in the absence of evidence that the vehicle's value exceeded $950, the trial court was required to find that the vehicle was worth less than $950.  As explained in the previous section, defendant is mistaken.  Defendant had

8.

### C. Burden of Proof for a Section 1170.18 Application

Third, defendant acknowledges that our Supreme Court held that a person seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility for relief. (See *Page*, *supra*, 3 Cal.5th at p.1188.) However, he argues that the "burden of proof should be on the state to prove the value of a stolen vehicle where a petitioner is seeking resentencing … for a violation of Vehicle Code section 10851." We are bound by *Page*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

### D. Section 1170.18 Evidentiary Hearing

Finally, defendant contends that the trial court was required by statute and by state and federal due process requirements to afford him an evidentiary hearing. He therefore argues the trial court's failure to grant him an evidentiary hearing was error. The People respond that no additional hearing was required. We agree with the People.

#### *Additional Background*

At the January 14, 2019 hearing on defendant's application for reduction pursuant to section 1170.18, after hearing the parties estimates of the value of the vehicle, the trial court inquired of the parties whether they wanted to set the matter for an evidentiary hearing. Defendant responded in the affirmative. The People responded that "the information [they] ha[d] would not conflict with" the information presented by defense counsel. Defendant twice more indicated he would like a hearing: He said, "I'm the one doing the time. I think [a hearing is] worth it." He then later asked, "[s]o do I have a chance for [the People] to prove it? I mean, isn't there pictures?" The trial court decided, based "on the offers of [ ] proof"—the Kelley Bluebook value range, trade-in value, and private party sale value average, the prosecutor's estimation of the value, and

_____

the burden to prove the vehicle's value was less than $950. (*Page*, *supra*, 3 Cal.5th at p. 1188.)

defendant's description of the "primered" and dented vehicle—to deny defendant's application without an additional hearing.[7]

### *Statutory Right to a Hearing*

Section 1170.18, subdivision (h) allows a trial court to grant or deny an application for reduction by a person who has completed his or her sentence without a hearing unless the applicant has requested a hearing. (§ 1170.18, subd. (h).) However, nothing in the language of subdivision (h) precludes a trial court from summarily denying a petition for redesignation when the defendant fails to make a prima facie showing of eligibility. (*People v. Bear* (2018) 25 Cal.App.5th 490, 500; *People v. Washington* (2018) 23 Cal.App.5th 948, 953; *Perkins*, *supra*, 244 Cal.App.4th at p. 136; see Evid. Code, § 500.)

In *Sledge*, *supra*, 7 Cal.App.5th at p. 1095, the Court of Appeal noted that section 1170.18, does not expressly authorize "an evidentiary hearing to determine eligibility," but concluded that "one may be necessary in some cases." "Like the initial screening of a petition for writ of habeas corpus, '[a]n evidentiary hearing is required if … there is a reasonable likelihood that the petitioner may be entitled to relief and the petitioner's entitlement to relief depends on the resolution of an issue of fact.' (Cal. Rules of Court, rule 4.551(f).)" (*Sledge*, at p. 1095; see *Romanowski*, *supra*, 2 Cal.5th at p. 916; see also *People v. Washington*, *supra*, 23 Cal.App.5th at p. 957 ["If the prosecution chooses to oppose a Proposition 47 petition on the ground the value of the stolen property exceeds $950, and this fact is not established by the record of the initial

---

[7] Defense counsel asked the trial court whether it was "taking the defendant's description of the vehicle at face value?" The trial court responded, "notwithstanding [defendant's] description of the vehicle—it's a Toyota. We all know they run forever. And fair market value is $1[,]700, roughly. An average of [$1,700]. Then I can't find $950 or less." We understand the trial court to have accepted defendant's description of the vehicle and to have determined that the vehicle's value exceeded $950.

10.

plea or conviction, the superior court should then hold an evidentiary hearing at which the value of the property taken may be considered."].)

Here, defendant's application contained no evidence and only alleged broadly that he "qualif[ied] for resentencing." The trial court held a hearing at which the parties made offers of proof regarding the evidence they would submit to value the vehicle. The trial court accepted the offers of proof as true but nevertheless decided, based on defendant's own offer of proof, that he had not proven that the value of the vehicle did not exceed $950. No additional hearing was required to resolve the truth of the offers of proof because the trial court determined, assuming defendant's offer of proof was true, he was not entitled to the relief he sought.

Further, defendant failed to allege that his conviction was based on theft—rather than posttheft driving—of the vehicle. Defendant told the arresting officers that he knew the vehicle was stolen. He also told the probation officer he accepted and drove the stolen vehicle. He did not steal the vehicle himself.[8] (*Page*, *supra*, 3 Cal.5th at p. 1183.) For that separate reason, he was not eligible for relief pursuant to section 1170.18 and no hearing was required.

A hearing pursuant to section 1170.18, subdivision (h) was not required because defendant failed to make the required prima facie showing of eligibility for relief.[9]

---

[8]    In considering an application pursuant to section 1170.18, a trial court may consider hearsay evidence contained in a probation officer's report, "provided there is a substantial basis for believing the hearsay information is reliable." (*Sledge*, *supra*, 7 Cal.App.5th at p. 1095.) Here, defendant has not suggested that the probation officer's report is not reliable. Like the probation officer's report in *Sledge*, the probation report in defendant's case was prepared by a probation officer performing her official duties. (*Id.* at p. 1097.) Further, the trial court relied upon the probation officer's report in sentencing defendant and we relied upon the report in our decision on defendant's direct appeal of his conviction.

[9]    We note the trial court's orders denying defendant's application resolved the ultimate issue—that his conviction is ineligible under section 1170.18, subdivision (f)—and not on the basis that he failed to state a prima facie case for eligibility. "However, on

### *Constitutional Right to a Hearing*

Defendant contends that his due process rights were violated when he was denied "a reasonable opportunity to present evidence as to the value of the vehicle …." We disagree. Defendant's application was subject to summary denial because he failed to show prima facie eligibility. Due process does not compel an evidentiary hearing when a defendant fails to allege facts sufficient to make a prima facie showing. (See *Sledge*, *supra*, 7 Cal.App.5th at p. 1095; *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7.) Again, because defendant failed to make a prima facie showing of eligibility, he was not entitled to a hearing.

## DISPOSITION

The order is affirmed.

---

appeal we are concerned with the correctness of the superior court's determination, not the correctness of its reasoning." (*Perkins*, *supra*, 244 Cal.App.4th at p. 139.) Thus, we may affirm the trial court's order on any ground, even if it is not relied on by the trial court. (*Ibid*.)

12.