Filed 9/21/21  P. v. Payne CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RANDY LYNN PAYNE,<br><br>Defendant and Appellant. | F079012<br><br>(Super. Ct. Nos. SUF20408 & SUF20409)<br><br><br>**OPINION** |

APPEAL from an order of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Richard M. Doctoroff, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Randy Lynn Payne (defendant) is serving a prison term of 25 years to life imposed under the original version of California's "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(j), 1170.12).  The qualifying offenses were petty theft with prior theft convictions

(felony petty theft) and attempting to elude police while operating a vehicle with willful or wanton disregard for the safety of people or property (felony evading). Defendant has repeatedly sought to be resentenced based on changes in the law, but with little success.[1] This appeal is taken from an order denying relief requested pursuant to the Three Strikes Reform Act of 2012 (Proposition 36), the Safe Neighborhoods and Schools Act of 2014 (Proposition 47), and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

Defendant contends, and the People agree, the trial court erred by allowing defendant to discharge his appointed counsel and proceed in propria persona without ensuring he understood the risks and disadvantages of self-representation. Accepting the People's concession of error and prejudice, we reverse and remand for further proceedings.

## FACTUAL, LEGAL, AND PROCEDURAL BACKGROUND

"What is commonly referred to as the Three Strikes law 'consists of two, nearly identical statutory schemes': the first enacted by the Legislature in March 1994 [citation], and the second enacted by ballot initiative in November 1994 [citation]." (*People v. Valencia* (2017) 3 Cal.5th 347, 378, fn. 1 (conc. opn. of Kruger, J.).) As originally conceived, the law "required that a defendant who had two or more prior convictions of violent or serious felonies receive a third strike sentence of a minimum of 25 years to life for any current felony conviction, even if the current offense was neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 680.) Such defendants were presumed incorrigible and thus deserving of "'longer prison sentences and greater punishment.'" (*People v. Sasser* (2015) 61 Cal.4th 1, 11; see *People v. Vargas* (2014) 59 Cal.4th 635, 638.)

---

[1] We hereby grant the parties' requests for judicial notice of our records in *People v. Payne*, cases Nos. F026894, F067838, and F071909. (Evid. Code, § 452, subd. (d).)

2.

Defendant, now age 58, has an extensive criminal record. By the time the Three Strikes law was enacted in 1994, he had already suffered three qualifying felony convictions. Defendant also has a history of abusing illegal narcotics and alcohol.

In February 1996, at the age of 32, defendant stole motor oil from a gas station in Merced. He fled in a stolen car and attempted to evade a pursuing California Highway Patrol officer on Highway 99. After reaching speeds of over 100 miles per hour, defendant lost control of the vehicle and crashed into a stationary object. The incident resulted in criminal charges, a jury trial, and convictions of felony evading (Veh. Code, §§ 2800.1, 2800.2, subd. (a)) and felony petty theft (Pen. Code, former § 666; all further statutory references are to the Penal Code).

In April 1997, defendant was sentenced as a third strike offender. The trial court imposed prison terms of 25 years to life on both convictions, with the sentence for felony petty theft ordered to be served concurrently with the life term for felony evading. A defense motion to dismiss the Three Strikes allegation and/or punish the crimes as misdemeanors was denied.[2] This court later ordered the punishment for felony petty theft stayed (§ 654), but the judgment was otherwise affirmed. (*People v. Payne* (May 26, 1998, F026894) [nonpub. opn.].)

---

[2]In *Romero*, which was decided after defendant's trial but prior to sentencing, the California Supreme Court held trial courts have discretion under section 1385 to dismiss prior strike allegations if doing so will further the interests of justice. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.) The trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [spirit of the Three Strikes law]." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) In addition to seeking relief under section 1385, defendant unsuccessfully moved to have the convictions reduced to misdemeanors as authorized by section 17, subdivision (b). "[A] reduction under section 17(b) is an act of leniency by the trial court, one that 'may be granted by the court to a seemingly deserving defendant, whereby he [or she] may escape the extreme rigors of the penalty imposed by law for the offense of which he [or she] stands convicted.'" (*People v. Tran* (2015) 242 Cal.App.4th 877, 892.)

In November 2012, by enactment of Proposition 36, section 1170.126 created a resentencing process for third strike offenders serving life terms for nonserious and nonviolent felony convictions. An eligible petitioner "shall be resentenced [as a second strike offender] unless the [sentencing] court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) In exercising its discretion, "the court may consider: [¶] (1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes; [¶] (2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and [¶] (3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.126, subd. (g).)

In December 2012, defendant petitioned the trial court for resentencing under Proposition 36. Because the original trial judge had retired, the matter was assigned to the Honorable Mark V. Bacciarini. Although defendant was eligible for relief under section 1170.126, subdivision (b), resentencing was found to pose an unreasonable risk of danger to public safety. Judge Bacciarini cited, inter alia, the fact defendant had been clinically diagnosed with a mood disorder "that leaves [defendant] with a 'fluctuating ability to cope,'" as well as a substance abuse problem. The ruling continued, in relevant part:

> "As cited by the prosecutor, [defendant] has 'proved himself to be a threat to public safety and security.' His criminal career has been long and extensive. His prior serious felony convictions were residential burglaries. The court finds that those offenses do involve a high risk of physical danger, as did the evading offense. His record of rehabilitation while incarcerated is sparse. Indeed, he continues to receive disciplinary write-ups as recently as this year [2013]."

4.

On December 17, 2014, this court affirmed the trial court's denial of relief under Proposition 36. (*People v. Payne* (2014) 232 Cal.App.4th 579, 584.)[3]

In March 2015, defendant petitioned the trial court for a writ of habeas corpus based on Proposition 47. Defendant drafted and filed the petition himself. He later drafted and filed a motion for reconsideration of his 1996 *Romero* motion. A hearing took place on May 11, 2015, with a deputy public defender appearing on defendant's behalf. Judge Bacciarini denied the motion for reconsideration, stating "I don't believe I have any jurisdiction to recall or reconsider that sentence." The judge noted defendant's eligibility for partial relief under Proposition 47 but declined to take further action "until the proper petition is before me." Defendant filed a notice of appeal, but he dismissed the appeal before any briefing was submitted.

"Proposition 47 reclassified as misdemeanors certain drug- and theft-related offenses that previously were felonies or wobblers." (*People v. Valencia*, *supra*, 3 Cal.5th at p. 355.) A wobbler is an offense punishable as a misdemeanor or a felony at the discretion of the sentencing court. (§ 17, subd. (b); *People v. Park* (2013) 56 Cal.4th 782, 789.) Both of defendant's 1996 convictions were wobblers, but only felony petty theft has been reclassified as a misdemeanor by Proposition 47. (§ 1170.18, subd. (a).)

"Proposition 47 also added a provision allowing felony offenders 'serving a sentence for a conviction' for offenses now reclassified as misdemeanors to petition to have their sentences recalled and to be resentenced." (*People v. Valencia*, *supra*, 3 Cal.5th at p. 355.) Resentencing is mandatory "'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to

---

[3]Although initially certified for partial publication, the opinion in case No. F067838 was automatically depublished when the California Supreme Court granted a petition for review. The petition was later dismissed, but the opinion remained depublished under former rule 8.1105(e) of the California Rules of Court. It is cited for informational purposes. (See *id*., rule 8.1115(b); *In re Nelson* (2020) 56 Cal.App.5th 114, 119, fn. 2 [unpublished opinions may be cited "to explain the factual background of the present proceeding"].)

public safety.'" (*People v. Morales* (2016) 63 Cal.4th 399, 404, quoting § 1170.18, subd. (b).) A trial court's discretion to deny resentencing under Proposition 47 is circumscribed by section 1170.18, subdivision (c), which defines "unreasonable risk of danger to public safety" as "an unreasonable risk that the petitioner will commit a new violent felony" described in section 667, subdivision (e)(2)(C)(iv). Commonly known as "super strikes," those felonies consist of rape, sexual abuse of minors, homicide offenses, possessing a weapon of mass destruction, and all other serious or violent felonies punishable by life imprisonment or death. (§ 667, subd. (e)(2)(C)(iv)(I–VIII); *People v. Jefferson* (2016) 1 Cal.App.5th 235, 242.)

In January 2018, defendant, acting in propria persona, again petitioned the trial court for a writ of habeas corpus based on Proposition 47. The trial court set a hearing date and evidently appointed counsel to represent defendant. On at least six occasions between May and September 2018, a deputy public defender appeared on defendant's behalf and asked the Honorable Carol K. Ash to continue the hearing.

On September 25, 2018, defense counsel filed a petition for relief based on Proposition 47 and pursuant to *Romero*, and for reconsideration of the previous denial of relief under Proposition 36. The document was entitled "Petition To Dismiss 'Strike' Prior Per Romero [P.C. 1385] & Reduce Pursuant To P.C. 1170.18 & Reconsider Previous P.C. 1170.126 Denial." (Boldface and some capitalization omitted). Although not indicated by the title, counsel's primary argument for relief was the then-recent decision in *People v. Buycks* (2018) 5 Cal.5th 857 (*Buycks*). The case holds that if a defendant is eligible for resentencing under Proposition 47, "the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall." (*Id.* at p. 893.) The "full resentencing rule" permits a trial court to "'exercise its sentencing discretion in light of the changed circumstances.'" (*Ibid.*)

In December 2018, defendant attempted to unilaterally amend the petition his attorney had filed two months earlier. He was still represented by counsel at the time.

6.

Defendant filed a photocopied version of the petition, which he had altered with handwritten comments, underscoring, and redactions of all references to Proposition 36.

Most notably, the petition filed by counsel had stated, "[Defendant] acknowledges that he does have a substance abuse addiction. In addition, since Judge Bacciarini's denial of [the Proposition 36 petition], [defendant] has been found in violation of CDCR rules a number of times as a result of positive drug tests for morphine." Defendant whited out those sentences and added the following remarks at the bottom of the page:

> "Clean for 3 plus years
>
> "Other programs (N/A) (A/A) (Victims Awareness)
>
> "Other [illegible]
>
> "Found faith in the Lord & committed to stay clean since then."

On January 25, 2019, defendant and his counsel appeared in court before Judge Bacciarini. Following an unreported chambers conference, the judge addressed defendant on the record: "[Your attorney] informs me that you want to represent yourself." Defendant responded affirmatively. There was a brief colloquy, and Judge Bacciarini said, "We're going to put this over one week, sir, to next Friday for a *Faretta* Hearing." (Italics added; see *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).) On the same day, defendant filed a signed and initialed form entitled, "Advisement and Waiver of Right to Counsel (*Faretta* Waiver)." (Italics added, boldface and some capitalization omitted.)

On February 1, 2019, defendant appeared without counsel for the scheduled *Faretta* hearing. The matter was called by Judge Ash, who informed defendant the hearing would be continued because Judge Bacciarini was not available. A new hearing date was set for February 11, 2019.

The continued hearing was held as scheduled before Judge Bacciarini. It began with the judge noting for the record that defendant was representing himself. The *Faretta* motion was not addressed, and the hearing proceeded with the following exchange:

"[THE COURT:] I think we already dealt with the petty theft with a prior. [¶] Is that right [defendant]?

"THE DEFENDANT: No, sir.

"THE COURT: No? That case relief was granted. That's reduced to a misdemeanor.

"THE DEFENDANT: Oh.

"THE COURT: Did we already do that?

"THE COURT CLERK: Which case, Your Honor? [¶] … [¶]

"THE COURT: The petty theft with a prior. [¶] … Okay. So then we need to deal with a renewed motion to be resentenced as a second striker."

Defendant thereafter stated his reliance on "*People vs. Spikes*" and the full resentencing rule. Judge Bacciarini responded, "Assuming that applies, I'm with you. Go ahead." Defendant continued referring to "*Spikes*" and noted his citation of the case in an exhibit to his self-filed amended version of the petition. The case discussed in the "exhibit" was *Buycks*, but Judge Bacciarini could not find the document. He told defendant, "I don't see anything like that."[4]

Next, defendant offered a rambling explanation of the strategy behind erasing "the allegations of the reconsideration for Prop 36" from the petition filed by defense counsel. Defendant inarticulately discussed "civil litigations going on … in the Ninth Circuit Court of Appeals" and alluded to wanting the Proposition 36 issue ruled upon by Judge Ash. The judge remarked, "The problem is it sounds like there's forum shopping."

---

[4]It is unclear whether defendant was actually saying "Spikes" or if the court reporter simply misheard him.

He did not provide a full case citation at the hearing.

Judge Bacciarini "assum[ed] for the sake of argument" he had jurisdiction to "reconsider all sentencing options," but he informed defendant, "I'm not inclined to reconsider." Referencing the 2013 ruling on defendant's Proposition 36 petition, the judge said, "I have no new evidence that would change the Court's evaluation." Defendant responded by citing "*Brooks* and *Hubbard*," without offering reporter citations, and arguing, "I'm here on Prop 47. … I am not here on that 36.… [¶] … I don't want to go down that rabbit hole because that's the sum evidence and preponderance. And 47 reads totally different sir." Judge Bacciarini interjected, "You're losing me, [defendant]."

Amid tangential commentary, defendant said he had medical records with him documenting his "failing liver" and "bad heart." He also claimed to have resolved his substance abuse problem after doctors switched his chronic pain medication to a "non-narcotic." He said, "I have been functioning since 2016 without incident and without a glitch. So that's '16, '17, '18, '19." Defendant claimed to have been accepted to reside at a halfway house (Delancey Street) and stated, "I'm willing to do the two years in Delancey Street or whatever. And it's going to be six years, actually, you know, clean with no kind of allegations or nothing."

In concluding remarks, Judge Bacciarini said, "Sir, here's the problem—[¶] … [¶] it's not really a problem. The reality of it is is [*sic*] if the Court were to resentence you as a second striker, I would have no jurisdiction even to order you to go to Delancey Street. [¶] … [¶] [You will have completed] your whole sentence plus your period of parole. [¶] … [¶] And the Court would lose jurisdiction. [¶] So the Court declines to exercise its discretion to resentence you as a second striker. The Court's earlier judgment is affirmed."

The minute order states defendant's felony petty theft conviction "should have previously been amended to a misdemeanor." The abstract of judgment was amended to reflect such relief under Proposition 47. This timely appeal followed.

9.

## DISCUSSION

### I.    *Faretta* **Claim**

The Sixth Amendment to the United States Constitution implicitly provides a right to self-representation in criminal cases.  (*Faretta*, *supra*, 422 U.S. at p. 832.)  The right "applies at all critical stages of a criminal proceeding in which the substantial rights of a defendant are at stake."  (*People v. Crayton* (2002) 28 Cal.4th 346, 362.)  Sentencing is one of those "critical stages."  (*People v. Doolin* (2009) 45 Cal.4th 390, 453.)  When a defendant shows eligibility for relief under Proposition 47, "that defendant is entitled to the assistance of counsel at resentencing in every case involving a judgment of conviction of more than one felony such that the court has discretion to restructure the sentence on all counts."  (*People v. Rouse* (2016) 245 Cal.App.4th 292, 301; see *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1095 [describing Prop. 47 hearing as "a type of sentencing proceeding"].)

"When 'a motion to proceed *pro se* is timely interposed, a trial court must permit a defendant to represent himself upon ascertaining that he has voluntarily and intelligently elected to do so."  (*People v. Dent* (2003) 30 Cal.4th 213, 217.)  An intelligent waiver requires a general understanding of the risks and disadvantages of forgoing counsel.  (*Faretta*, *supra*, 422 U.S. at p. 835.)  The defendant "should at least be advised that:  self-representation is almost always unwise and that the defense he conducts might be to his detriment; he will have to follow the same rules that govern attorneys; the prosecution will be represented by experienced, professional counsel who will have a significant advantage over him in terms of skill, training, education, experience, and ability; the court may terminate his right to represent himself if he engages in disruptive conduct; and he will lose the right to appeal his case on the grounds of ineffective assistance of counsel."  (*People v. Phillips* (2006) 135 Cal.App.4th 422, 428.)

10.

"A defendant may challenge the grant of a motion for self-representation on the basis that the record fails to show that the defendant was made aware of the risks of self-representation." (*People v. Bloom* (1989) 48 Cal.3d 1194, 1224.)  It is the defendant's burden to demonstrate error, and the standard of review is de novo.  (*People v. Weber* (2013) 217 Cal.App.4th 1041, 1058.)  "[W]e independently examine the entire record to determine whether the defendant knowingly and intelligently waived the right to counsel."  (*People v. Burgener* (2009) 46 Cal.4th 231, 241.)

"There are standard scripts for judges to use in taking *Faretta* waivers, as well as standard *Faretta* waiver forms."  (*People v. Weber*, *supra*, 217 Cal.App.4th at p. 1058.)  However, the defendant's execution of a waiver form is not alone sufficient to establish his or her understanding of the risks and disadvantages of self-representation.  In *People v. Ruffin* (2017) 12 Cal.App.5th 536, a *Faretta* error occurred despite the use of such a form.  "The court's inquiry consisted of asking whether appellant initialed and signed the form (he did) and whether he had any questions (he did not).  The court did not ascertain on the record that defendant read and understood the written *Faretta* form."  (*Ruffin*, at p. 539.)

 "Although no specific inquiry is required, … '"there are a number of matters the court must ask about and consider before ruling on a defendant's request to represent himself."'"  (*People v. Ruffin*, *supra*, 12 Cal.App.5th at p. 544.)  In *People v. Noriega* (1997) 59 Cal.App.4th 311, the trial court "gave no specific warnings or advisements regarding the risks and dangers of self-representation."  (*Id*. at p. 319.)  Reversible error was found based on the trial court's failure "to assure itself appellant was making an informed and intelligent decision to represent himself despite the disadvantages and risks of that choice."  (*Id*. at p. 320.)

For postconviction hearings, the *Faretta* inquiry "'need not be as exhaustive and searching as a similar inquiry before the conclusion of trial.'"  (*People v. Burgener*, *supra*, 46 Cal.4th at p. 242.)  But the nature of the proceeding "[does] not relieve the

court of its duty altogether to ensure that defendant be made aware 'of the hazards ahead' if he proceed[s] without the assistance of counsel." (*Ibid.*) Here, the trial court neither advised defendant of the risks of self-representation nor asked if defendant had read and understood the *Faretta* waiver form. We agree with the parties that the record does not adequately demonstrate an intelligent waiver of the right to counsel.

The erroneous *denial* of a *Faretta* motion is reversible per se. (*People v. Butler* (2009) 47 Cal.4th 814, 824.) When a *Faretta* motion is erroneously granted, most California courts apply the standard articulated in *Chapman v. California* (1967) 386 U.S. 18. (See *People v. Burgener*, *supra*, 46 Cal.4th at pp. 244–245 [declining to decide whether such error is structural "because defendant would be entitled to relief even if the error were subject to harmless-error review under *Chapman*"].) Under the *Chapman* standard, "failure to obtain a knowing and intelligent waiver is prejudicial unless the People can show beyond a reasonable doubt that the defendant would have waived counsel even with proper advisements [citation] or that the absence of counsel had no effect on the outcome of the proceeding [citation]." (*Burgener*, at p. 244.)

On the record before us, the likelihood defendant would have waived counsel even with proper advisements is speculative. The People focus on the possibility of a more favorable outcome had appointed counsel not been discharged. They argue defendant effectively "limited the court's inquiry to reducing his theft conviction under Proposition 47." The issue is closer than the People acknowledge. Although defendant withdrew the request for reconsideration of his earlier Proposition 36 petition, the trial court could have eliminated the life term by reconsidering the original *Romero* motion or by reducing the felony evading conviction to a misdemeanor pursuant to section 17, subdivision (b). (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

The trial court understood the petition sought resentencing on both 1996 convictions, not merely a reduction of the petty theft count to a misdemeanor. Appointed

12.

counsel had already filed the petition on defendant's behalf, and Judge Bacciarini said, "I have no new evidence that would change the Court's evaluation," i.e., the evaluation made nearly six years earlier when he found resentencing would create an unreasonable risk of danger to public safety.

On the other hand, it is fair to say defendant was a poor advocate for himself. The trial court was willing to assume its ability to fully resentence defendant "for the sake of argument," but a competent defense attorney would have more clearly summarized the law. Defendant referenced "*Brooks* and *Hubbard*," but those cases were not cited in the briefing and no reporter citations were provided. The case of *People v. Hubbard* (2018) 27 Cal.App.5th 9 emphasizes that the full resentencing rule permits reconsideration of "all aspects of the original sentence," including the propriety of relief under section 1385 and *Romero*. (*People v. Hubbard*, at pp. 12–13.)

More importantly, a competent defense attorney would have presented an organized and focused argument on the changed circumstances since the denial of relief under Proposition 36. (See *People v. Esparza* (2015) 242 Cal.App.4th 726, 746 ["the proper focus is on whether the petitioner *currently* poses an unreasonable risk of danger to public safety"].) Six years earlier, Judge Bacciarini had been "greatly concern[ed]" by defendant's substance abuse problem. (*People v. Payne*, *supra*, 232 Cal.App.4th at p. 590.) He had also cited defendant's recurring disciplinary issues and the "sparse" evidence of any rehabilitation. (*Ibid*.) A defense attorney would have highlighted, with supporting evidence, defendant's three-year period of sobriety without any disciplinary problems. Counsel would have further emphasized, with evidentiary support, the severity of defendant's health problems.

Defendant's claims of sobriety and behavioral improvement are not inconsistent with the statement in the petition that he had been "found in violation of CDCR rules a number of times" since the denial of his Proposition 36 petition. The Proposition 36 ruling was made in 2013; defendant allegedly got sober in 2016. We also note

13.

defendant's appointed counsel requested a continuance after filing the subject petition in September 2018, stating "additional time is needed." Counsel may have still been gathering the evidence of any and all changed circumstances. Since the record does indicate some circumstances changed between 2013 and 2019, we accept the People's concession of prejudice. It is not clear, beyond a reasonable doubt, the outcome would have been the same had defendant been represented by an attorney.

## II. Additional Claims

As an alternative ground for reversal, defendant contends the trial court applied the wrong legal standard when evaluating his petition. The argument is based on Judge Bacciarini's comment about losing jurisdiction over defendant. In light of the reversal and remand for *Faretta* error, the claim is moot.

Defendant also claims the trial court's "failure to exercise its discretion and grant relief to resentence [him] as a second striker resulted in a sentence that is grossly disproportionate as well as cruel and unusual under the Eighth Amendment to the federal constitution." The People argue this claim is foreclosed by the law of the case doctrine, since the constitutionality of defendant's sentence was determined in *People v. Payne*, *supra*, F026894. We agree with the People. "Under the law of the case doctrine, when an appellate court '"states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal …."'" (*People v. Barragan* (2004) 32 Cal.4th 236, 246; see *People v. Abundio* (2013) 221 Cal.App.4th 1211, 1217 [whether a sentence constitutes cruel and unusual punishment is a question of law].) Furthermore, in *People v. Payne*, *supra*, 232 Cal.App.4th 579, the trial court's refusal to grant relief under Proposition 36 based on a finding of dangerousness was upheld as a permissible exercise of its discretion. (*Id*. at pp. 602–604.)

## DISPOSITION

The order from which the appeal is taken is reversed, and the matter is remanded for further proceedings consistent with this opinion.

PEÑA, J.

WE CONCUR:

LEVY, ACTING P. J.

DETJEN, J.