Filed 10/2/20  P. v. Glasper CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ABRAHAM GLASPER,<br><br>    Defendant and Appellant. | A157815<br><br>(San Mateo County Super.<br>Ct. No. SC-019835-A) |

Abraham Glasper appeals from an order summarily denying his petition for resentencing pursuant to Penal Code[1] section 1170.95.  (See § 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)  Glasper's appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442 and identified potential issues to assist our independent review (*Anders v. California* (1967) 386 U.S. 738, 744; see *People v. Kelly* (2006) 40 Cal.4th 106, 109–110).  Glasper's appellate counsel advised Glasper of his right to file a supplemental brief, bringing to this court's attention any issue he believed deserved review.  Glasper has not done so.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

1

There is currently a split among appellate courts regarding whether an appeal from the summary denial of a section 1170.95 petition should be subject to *Wende* review. (See *People v. Flores* (2020) 54 Cal.App.5th 266, 269 ["when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice"]; *People v. Cole* (2020) 52 Cal.App.5th1023, 1028–1029 [dismissing as abandoned *Wende* appeal from the summary denial of a section 1170.95 petition; noting that the "court has the duty to address any issues raised by the defendant [in supplemental briefing] but otherwise may dismiss the appeal without conducting an independent review of the record"].) Assuming without deciding that *Wende* review is available in these proceedings, our independent review of the record has revealed no arguable issues. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

The victim in this case was an 18-month-old girl, S.D. In January 1988, 19-year-old Glasper was living at a homeless shelter with his mother and half siblings. Glasper and S.D.'s mother, who was also living at the shelter, began a relationship. Glasper was suffering from severe cocaine addiction at the time. On January 21, 1988, Glasper was using crack cocaine while caring for S.D. In response to S.D.'s ongoing crying, Glasper became angry, lost control and punched S.D. repeatedly in the abdomen, killing her. It was only after he realized the child was dead that he sought assistance.

---

[2] The factual recitation is based on the preliminary hearing transcript and probation report, both part of the record of conviction. (See *People v. Sledge* (2017) 7 Cal.App.5th 1089, 1096–1097 [probation report]; *People v. Reed* (1996) 13 Cal.4th 217, 223–229 [preliminary hearing transcript].)

Initially, Glasper told investigators that he had been playing with S.D. and accidentally dropped her.  Later that night, however, he admitted to the detective in charge that he had hit S.D. nine to 10 times in the abdomen.  He also admitted to hitting or shaking S.D. on two prior occasions.

As a result of this incident, the San Mateo County District Attorney filed a criminal complaint in San Mateo County Municipal Court on January 25, 1988, charging Glasper with the malice aforethought murder of S.D. (§ 187, subd. (a).)  The complaint included a special allegation that Glasper personally and intentionally inflicted great bodily injury on S.D. within the meaning of section 1203.075, subd. (a)(1).  After Glasper was held to answer as charged at the conclusion of the June 1988 preliminary hearing, an information containing identical allegations was filed in San Mateo County Superior Court on June 15, 1988.

On October 4, 1988, Glasper pleaded nolo contendere to one count of second degree murder.  (§ 187, subd. (a).)  In response, the prosecution moved to strike the great bodily injury allegation.  After accepting the plea bargain, Glasper again admitted the offense to his probation officer, showing remorse. On December 6, 1988, the sentencing court struck the special allegation, denied probation, and sentenced Glasper to 15 years to life in prison on the murder conviction.

On January 7, 2019, Glasper filed a form petition seeking resentencing pursuant to section 1170.95 and requested appointment of counsel.  The court appointed counsel for Glasper in January 2019.  Thereafter, on March 6, 2019, the prosecution filed an opposition to the finding of a prima facie case. That same day, the prosecution filed a request for judicial notice of various documents from the record of conviction, including the preliminary hearing

transcript, the complaint and information, and the probation report. Glasper's attorney did not file a response.

The trial court held a hearing on the petition on April 23, 2019. The prosecutor asked the court to deny the petition because the record showed that Glasper was the actual killer. Glasper's attorney submitted the matter "based on the state of the record without conceding any issues." The trial court denied the petition, finding that Glasper was not eligible for relief under section 1170.95.

## DISCUSSION

In 2018, Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Thus, section 1170.95 relief is not available for a defendant who personally commits murder. (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 (*Cornelius*), review granted Mar. 18, 2020, S260410; see *People v. Edwards* (2020) 48 Cal.App.5th 666, 674–675 (*Edwards*), review granted July 8, 2020, S262481.) As detailed above, the record of conviction contains Glasper's repeated admissions that he personally beat the child victim, causing her death.

We are aware that the Supreme Court has granted review on the issue of whether the trial court can rely on the record of conviction to conclude that a petitioner has failed to make a prima facie showing of eligibility for relief under section 1170.95. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260958.) We also acknowledge that the trial

4

court, in denying the petition, did not expressly state it was granting the prosecution's judicial notice request. However, defense counsel submitted on the documents provided. In addition, the court concluded that Glasper was not entitled to relief "from the review of the materials I have." Moreover, under the circumstances, the court was mandated to grant the judicial notice request (Evid. Code, §§ 452, subd. (d), 453) and did not expressly deny the request as is otherwise required by statute (*id.*, § 456). It thus appears that the court impliedly granted the judicial notice request.

Regardless, in this appeal we are required to judicially notice the documents offered by the prosecution below. (See Evid. Code, § 459, subd. (a).) And those documents establish as a matter of law that Glasper is ineligible for relief under section 1170.95. Thus, even if the trial court here erred by summarily denying the petition or by failing to expressly grant the prosecution's judicial notice request, Glasper cannot demonstrate prejudice, and remand for any further hearing on the petition would be futile. (See *Edwards, supra,* 48 Cal.App.5th at p. 675; *Cornelius, supra,* 44 Cal.App.5th at p. 58.) "The law . . . does [not] require[] idle acts." (Civ. Code, § 3532.)

## DISPOSITION

The order denying Glasper's section 1170.95 petition is affirmed.

_____

Sanchez, J.

WE CONCUR:


_____

Margulies, Acting P. J.


_____

Banke, J.


_A157815 People v. Glasper_

6