Filed 8/18/23  P. v. Morales CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAIME CASTANEDA MORALES,<br><br>    Defendant and Appellant. | B321868<br><br>(Los Angeles County<br>Super. Ct. No.<br>MA077249) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge.  Reversed and remanded.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

Jaime Casteneda Morales was sentenced in connection with his convictions of forcible rape (Pen. Code,[1] § 261, subd. (a)(2); count 1) and misdemeanor child molestation (§ 647.6, subd. (a)(1); count 8) shortly after amendments to the Determinate Sentencing Law took effect on January 1, 2022. As the People concede, the parties and the trial court were aware of the revised law, but Morales's sentence was not in accordance with the amendments. Because the error was not harmless, we reverse and remand to the trial court for resentencing in accordance with the current law.

## FACTS AND PROCEDURAL HISTORY[2]

### *Prosecution's Case*

### Count 1:  A.M.

At the time of trial, A.M. was 19 years old. Morales was her mother's former boyfriend and father of A.M.'s sister N.M. Morales became involved with A.M.'s mother when A.M. was nine years old, and began living in Lancaster with A.M., her sisters J.M. and N.M., and their mother when A.M. was 10 or 11 years old. Morales was the sole income provider in the family. A.M. was always uncomfortable with Morales. He touched her breasts for the first time when she was nine years old.

---

[1] All further statutory references are to the Penal Code.

[2] Morales was charged with multiple sex offenses, but the jury acquitted him of all but the two counts discussed in this opinion.

A.M. testified regarding an incident that occurred when she was 14 years old. A.M. and Morales were alone in his truck. They were coming home after running errands and it was getting dark. Morales stopped the truck unexpectedly in the open desert behind the neighborhood where they lived. A.M. asked Morales why they had stopped, but he did not respond. He started "coming on" to her and touching her upper thighs. She pushed him away repeatedly. Morales said in Spanish, " 'Come on. Let me just do this for once.' " Morales had made similar comments before. A.M. told Morales "No." multiple times, but Morales continued asking to touch her. This continued for about three minutes and then Morales jumped over to A.M.'s side of the truck's bench seat. A.M. tried to lean toward the door to get out. Morales put his hand inside A.M.'s pants beneath her underwear and put his weight on her. A.M. tried to pull her pants up. Morales put his fingers in A.M.'s vagina for about 30 seconds and then pulled her pants and underwear down. Morales unzipped his own pants and put his penis inside A.M.'s vagina for about two minutes. A.M. tried to push him off the whole time. Morales stopped and grabbed some tissues. He cleaned himself off and left the tissues inside his pants. Morales did not say anything to A.M. afterwards. They just drove home. A.M. did not tell anyone what happened. A.M. did not have a good relationship with her mother, and there was no one else she felt close to. A.M. had told her mother the first time Morales touched her, when she was nine years old. A.M.'s mother told A.M. that she was crazy and did not do anything to help her.

In 2019, A.M. visited her aunt for the weekend. A.M.'s mother called and told her to come home because she did not like it when A.M. spent time with her aunt. A.M. and her mother

argued. A.M. was afraid to go home. Morales had been coming into her room at home at night and trying to kiss and touch her. He tried to put his hands in A.M.'s pants and she had kicked him away. This occurred two to three times a week. A.M. told her aunt about the incidents with Morales. Her aunt said A.M. could stay with her as long as A.M. wanted to, and she took A.M. to the police station the next day. A.M. was concerned about disclosing what happened to her because without Morales her family could lose the house, they might not be able to pay the bills, and her sister N.M. might have to grow up without a father.

### Count 8:  J.M.

At the time of trial, A.M.'s sister J.M. was 17 years old. On Halloween in 2018, when J.M. was 13 years old, J.M. and N.M. were home alone. N.M. was sleeping in the bedroom when Morales arrived. Morales kissed J.M.'s neck and rubbed her breast over her clothes. He began pushing her towards the couch. Morales asked J.M. if she could keep a secret. J.M. ran outside, and stayed outside for half an hour until her mother and A.M. came home. J.M. did not tell A.M. what happened.

*Defense Case*

Morales testified that he began living with A.M. and J.M. in 2011. He was a father figure to them and husband to their mother. A.M. "was very trusting [of Morales]," and they often watched T.V. together. He and A.M. had consensual sex in his truck. She did not push him away or tell him to stop. A.M. pursued Morales. She flirted with Morales and hugged him.

A.M.'s mother got upset at A.M. because she spent time in Morales's bedroom every day. A.M. and her mother did not have a good relationship.

Morales denied having sexual contact with J.M. Morales thought A.M. was manipulating J.M. to get a benefit.

Morales testified that he was convicted of assault with a deadly weapon on April 12, 2011.

*Sentencing*

After the jury returned verdicts of guilty on count 1 and count 8, Morales admitted in a bifurcated proceeding that he had suffered a prior conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).[3] At the sentencing hearing, the court stated that it intended to sentence Morales to the maximum time allowed, calculated as 16 years in state prison in count 1 with a consecutive term of 364 days servable in any penal institution in count 8. The court found that the circumstances in aggravation outweighed any mitigating circumstances. Defense counsel argued that amendments to section 1170, subdivisions (b)(1) and (2), which became effective on January 1, 2022, required the court to impose the middle term. Pursuant to amended subdivision (b)(2), all circumstances in aggravation must have either been stipulated to by the defendant or have been found true beyond a reasonable doubt at a jury or bench trial. No aggravating factors had been stipulated to or found true by the jury in Morales's case. Counsel also moved to have Morales's prior strike conviction stricken.

---

[3] The jury returned not guilty verdicts on other counts, and a not true finding on an enhancement.

The trial court stated that it considered the general objectives of sentencing, including protecting society, punishment, deterrence, and Morales's criminal history. The court found that Morales was prone to violence as evidenced by the facts of this case and his prior strike conviction. Morales did not commit the offenses as a result of provocation, coercion, or duress. Morales was not youthful or inexperienced. A.M. was particularly vulnerable. Morales took her to a secluded location in his vehicle. He took advantage of A.M.'s strained relationship with her mother. Morales also molested J.M. and appeared to be grooming her. Morales was a threat to society. He showed no remorse, and blamed A.M. for the rape. Morales did not understand that a 14-year-old child cannot consent to sexual intercourse, and did not appreciate the trauma he had inflicted on A.M. Morales would continue his predatory behavior if not imprisoned.

The court denied Morales's motion to strike his prior strike conviction and denied probation. Morales was sentenced to the high term of eight years in count 1, doubled pursuant to the Three Strikes law, plus a consecutive term of 364 days in count 8.

## DISCUSSION

Morales contends that the trial court improperly relied on aggravating circumstances that he had not stipulated to and that had not been found true beyond a reasonable doubt in a jury or court trial. We agree with the parties that this was error. Because we cannot find the error harmless, we reverse and remand to the trial court for resentencing.

6

Prior to Morales's sentencing hearing, Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567) amended section 1170, former subdivision (b)(1) to make the middle term the presumptive sentence for a term of imprisonment.  The court may impose a higher sentence "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."[4]  (§ 1170, subd. (b)(2).)

The Courts of Appeal are in agreement that a trial court's failure to comply with the requirements of section 1170, subdivisions (b)(1)–(b)(3) is reviewed for harmless error.  (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 ; *People v. Lopez* (2022) 78 Cal.App.5th 459, 465 (*Lopez*); *People v. Dunn* (2022) 81 Cal.App.5th 394, 401; *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1131.)  The precise inquiry is disputed (*Lewis*, p. 1131), and the issue is presently pending before our Supreme Court (*People v. Lynch* (May 27, 2022, C094174) [nonpub. opn.], review granted Aug. 10, 2022, S274942).  We need not choose one of the various approaches to resolve this case, however, as the error is not harmless under any standard adopted by the Courts of Appeal, which all hold that the trial court must have relied on at least one aggravating circumstance that the jury would have found

---

[4] There is an exception to the requirement that the finding must be made at a trial held before a jury:  "the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."  (§ 1170, subd. (b)(3).)

true beyond a reasonable doubt before the error may be found harmless.  (See *Flores*, at p. 500 [one aggravating factor]; *Lopez*, at pp. 465–466 [all aggravating factors]; *Dunn*, at p. 401 [one aggravating factor]; *Lewis*, at p. 1137 [one aggravating factor].)

In this case, the trial court relied on two overarching aggravating circumstances to impose the high term in count 1: (1) A.M. was a particularly vulnerable victim (Cal. Rules of Court, rule 4.421(a)(3)), and (2) Morales is prone to violence and a danger to society (*Id*., subd. (b)(1)).[5]  We cannot find beyond a reasonable doubt that a jury would have found these two factors true beyond a reasonable doubt.

" ' "[A] 'particularly vulnerable' victim is one who is vulnerable 'in a special or unusual degree, to an extent greater than in other cases.' " ' [Citation.]  ' " 'Vulnerability means defenseless, unguarded, unprotected, accessible, assailable, one who is susceptible to the defendant's criminal act.' " ' [Citation.] A victim is considered particularly vulnerable 'where the age or physical characteristics of the victim, or the circumstances under which the crime is committed, make the defendant's act especially contemptible.' " (*People v. Lewis*, *supra*, 88 Cal.App.5th at p. 1138.)  "Examples of 'particularly vulnerable victims' thus include individuals attacked while asleep [citation] or unconscious [citation], elderly victims who live alone attacked

---

[5] When analyzing these two aggravating circumstances, the court considered Morales's prior conviction, the nature and circumstances of the instant crime, Morales's lack of remorse, and the fact that Morales took advantage of a position of trust or confidence to commit the rape.  We discuss these sub-factors in connection with each of the two over-arching aggravating circumstances.

at home [citation], and victims of gross vehicular manslaughter [citation]." (*Ibid.*)

While there was evidence presented at trial that would support the finding that A.M. was particularly vulnerable, including her age, her relative size, and the commission of the rape in a vehicle in an isolated location, ultimately the inquiry requires that a subjective, qualitative determination be made. Many victims of rape are young or smaller than their attackers and unable to defend themselves, and rape is often committed in an isolated environment where the victim cannot easily summon help. We cannot conclude with confidence that the jury would have found beyond a reasonable doubt that A.M. was particularly vulnerable in comparison to other rape victims. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 840 ["to the extent a potential aggravating circumstance at issue in a particular case rests on a somewhat vague or subjective standard, it may be difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court"].)

With respect to the second aggravating factor, as the Court of Appeal, Fourth District, Division Two has observed, there appear to be no published cases "that meaningfully consider[] the aggravated circumstance of a defendant engaged in 'violent conduct that indicated a serious danger to society.' . . . [W]hat constitutes 'violent conduct that indicated a serious danger to society' is vague and subjective." (*People v. Lewis, supra,* 88 Cal.App.5th at p. 1139.)

The trial court considered the facts of the present crime and Morales's prior conviction for assault with a deadly weapon.[6] Rape by means of force is a sexually violent offense and a serious and violent felony. (*People v. Sledge* (2017) 7 Cal.App.5th 1089, 1101.) However, a jury could conclude that Morales's conduct in the instant offense was not sufficiently violent to indicate that he is a danger to society. A conviction for assault with a deadly weapon does not require a finding that the underlying conduct was violent. (*People v. Superior Court of Riverside County* (2022) 86 Cal.App.5th 268, 279.) Whether the assault was violent, and whether Morales's overall conduct indicated a serious danger to society are individualized, fact-specific inquiries for which there was arguable conflicting evidence at trial. With respect to the trial court's reliance on lack of remorse, at the time of Morales's

_____

[6] Morales disputes whether the trial court properly relied on his prior conviction to support this aggravating factor. He concedes that he admitted he suffered the prior conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), but argues that he did not admit this same prior conviction for purposes of sentencing pursuant to section 1170, subdivision (b). Under the amended laws, a trial court may consider a prior conviction based upon a certified record of conviction, even if the truth of the prior conviction has not been submitted to a jury or court at trial (§ 1170, subd. (b)(3)). Here, Morales admitted the prior conviction, and therefore the record of conviction was not presented to the trial court for consideration. On appeal, the People did not respond to Morales' argument about the failure to meet the requirements of section 1170, subd. (b)(3). Because we are remanding for resentencing, we need not resolve the issue, and the parties may address the issue of proof of the prior conviction on the record developed at resentencing.

trial section 1170, subdivision (b) had not yet been amended; whether he experienced remorse was not relevant to the issues. Morales's belief that A.M. consented to sexual intercourse does not preclude him from feeling remorse in retrospect. Morales was not questioned regarding remorse, as he would have been if the issue was squarely before a jury. The evidence that Morales took advantage of a position of trust or confidence is strong—he was a father figure to A.M. and knew that her relationship with her mother was difficult in part due to the amount of time A.M. spent with Morales in his room—but it was only one of several factors that the trial court considered. Given the subjective nature of the inquiry, we cannot determine whether the jury would have assessed the facts as the trial court did beyond a reasonable doubt.

Accordingly, we must remand for resentencing. On remand, the People should have the option to proceed under the amended version of section 1170, subdivision (b), which would permit them to seek to prove aggravating factors to a jury beyond a reasonable doubt (or to the court if Morales waives the right to a jury). (*Lopez, supra*, 78 Cal.App.5th at p. 468.) Alternatively, the People "may accept resentencing on the record as it stands." (*Ibid*.)

## DISPOSITION

The sentence is vacated, and the case is remanded for resentencing.  The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


BAKER, J.